JAMES E. SHEPHERD v. COMMISSIONERS OF WAKE.

*Judge of Superior Court—Compensation for holding special terms.*

1. A judge of the superior court is entitled to one hundred dollars per week for holding special or additional terms, to be paid by the county in which they are held.

2. The January and June terms of Wake superior court are additional terms, created by the act of 1872–'73, ch. 1, for the holding of which the judge is entitled to one hundred dollars per week, by virtue of section four, which, being of a local nature, is saved from repeal by THE CODE, §3873.

CONTROVERSY without action under THE CODE, §567, heard at Spring Term, 1884, of WAKE Superior Court, before *Avery, J.*

The facts upon which this controversy is submitted are as follows:

The plaintiff, a duly elected and qualified judge of the superior court, held the January term, 1884, of said court, beginning on the 7th day of January, 1884, and continuing for three weeks. In pursuance of the act of 1872–'73, ch. 1, the plaintiff claims that he is entitled to one hundred dollars a week for holding said term, and has demanded payment of the same from the defendant commissioners. The validity of the claim being denied and payment refused, this case is presented by agreement of the parties to the end that the question may be passed upon and their rights and liabilities determined.

The court below held that the plaintiff was entitled to compensation as claimed, and rendered judgment in his favor for three hundred dollars, and the defendants appealed.

*Messrs. Walter Clark, W. S. Mason* and *Gatling & Whitaker,* for plaintiff.

*Messrs. E. C. Smith* and *Fuller & Snow,* for defendants.

ASHE, J. The constitution provides that the state shall be divided into nine judicial districts, for each of which a judge shall be chosen; and there shall be held a superior court in each county, at least twice in each year, to continue for such time in each county as may be prescribed by law. But the general assembly may reduce or increase the number of the districts. Art. IV, §10.

By section 910 of THE CODE, two superior courts a year have been assigned to each county of the state, except the counties of

Wake, Cumberland and Robeson; to Wake, two additional terms are given, and to Cumberland and Robeson, one additional term to each.

By section 3734 of THE CODE, it is provided that "the judges of the superior court shall each have an annual salary of twenty-five hundred dollars in full compensation for all judicial duties assigned them by the general assembly; and for the holding of a special or additional term of the superior court, the judge presiding shall receive one hundred dollars for each week, to be paid by the county in which the special term is held, on the production of the certificate of the clerk of the court aforesaid."

In order to ascertain which of the four terms of the superior court of Wake are to be regarded as additional terms, it is necessary to refer to the law as it existed before THE CODE went into operation. And we find on reference to the act of 1872–'73, that the January and June terms of the court were created as additional terms for that county. The judges are therefore entitled, by virtue of section 3734, to one hundred dollars per week for holding the January and June terms of the superior court for said county, to be paid by the commissioners of said county.

It will be noticed that there is in section 910 a special provision that the expense of holding the *additional* terms in Cumberland and Robeson shall be defrayed by the commissioners of those counties respectively, but no such provision is made with respect to the county of Wake, for the reason, we presume, that the legislature supposed that the expense of holding the additional terms in that county had already been provided for in the fourth section of the act of 1872–'73, which, being of a local nature, was saved from repeal by section 3873 of THE CODE.

There is no error. The judgment of the superior court is affirmed.

No error.                                         Affirmed.