STATE v. THOMAS CHAMBERS.

*Private Statutes—Public Local Statutes—Indictment.*

1. Private statutes are such as relate to or concern a particular person, or something in which individuals or classes of persons are interested in a way peculiar to themselves, and not common to the entire community. Public statutes are such as affect the public at large, whether they apply to the whole State or only to a locality in it.

2. A statute may be local without being a private one.

3. Public local statutes are not repealed by TheCode, if not brought forward in it.

4. A statute forbidding the sale of liquors within two miles of a certain locality, is a public local statute.

5. Where a statute makes an act indictable upon the happening of a contingency, the indictment must show that the contingency has happened. So, where an act made it indictable to sell liquor within two miles of a certain place, but the act was not to go into operation until an election was held, an indictment under the act must set out that such election has taken place.

(*State* v. *Cobb*, 1 Dev. & Bat., 115; *Shepherd* v. *Commissioners*, 90 N. C., 115; *State* v. *Loftin*, 2 Dev. & Bat., 31; *State* v. *Eason*, 70 N. C., 88; *State* v. *Sloan*, 67 N. C., 357, cited and approved).

INDICTMENT, tried before *Avery, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of BURKE county.

The defendant was indicted under the provisions of ch. 78, §3, of the Acts of 1872-'73. This act provides for an election to be held, and if a majority of the votes cast should favor "prohibition," that it should be indictable to sell liquor within two miles of the court house in Morganton.

The facts sufficiently appear in the opinion.

There was a verdict of guilty, and from the judgment thereon the defendant appealed.

*Attorney General,* for the State.

*Mr. S. J. Erwin,* for the defendant.

MERRIMON, J. The indictment is founded upon the statute. Acts 1872-'73, ch. 78. The counsel for the defendant insisted on the argument, that this act was repealed by the statute (Acts 1876-'77, ch. 86), and that the latter act was repealed by the statute, (Acts 1885, ch. 120, §60). He also insisted that the act first cited is a private act, and ought to have been set forth, or in an appropriate way referred to, in the indictment. He further contended, that if the act is a public one, then it is repealed by The Code, §3867.

It is not at all certain that the Act of 1876-'77 repealed that of 1872-'73, but if it be granted that it did, the Act of 1885

plainly repealed that of 1876–'77, and that of 1872–'73 remains in force. The Act of 1885, §60, by its terms and effect, repealed all laws and clauses of laws in conflict with it, "and all laws heretofore-passed chartering or amending the charter of the town of Morganton." The statute of 1872–'73, was in no respect in conflict with it, nor did it charter or amend the charter of the town of Morganton—it had no reference or application to that town as a corporate organization—it applied to and embraced an area of territory that embraced the town and more than that, and its provisions were to be executed in certain respects by certain designated county officers, without reference specially to the officers and authorities of the town as such.

We think, also, that the statute of 1872–'73, is not a private law. Private statutes are such as relate to, concern and affect particular persons, or something in which individuals or classes of persons are interested in a way and degree peculiar to them, and not common to the whole community. Public statutes are such as relate to, concern and affect the public generally—the community at large, without distinction in any respect—they operate alike and in the same degree upon all individuals and classes of persons and their interests, subject to the law, where they are in the same condition and circumstances. And this is so, whether the law applies to the whole State, or to a locality or localities in the State. It is the quality of public, general and common right or purpose, that makes the statute a public one. 1 Kent Com., 459; Potter's Dwarris on Statutes, 52, 53.

The statute under consideration is a public one, applying to, and operating in a particular locality, and affecting everybody alike who may reside, or go, or have interest there. It has one feature common to most private statutes—it is local, but all local statutes are not private ones; for example, such as create and regulate counties are local in an important sense, but they are not private. In most, if not all, other respects, this statute has the essential qualities of a public law. It confers no special benefits upon individuals or classes of persons as distinguished from

others—it applies to all alike, in like circumstances.   The viola-
tion of its provisions when it takes effect, is made indictable, and
punishable by fine or imprisonment, or both, in the discretion of
the Court; it applies to all persons who may offend against it,
whether they reside in the particular territory embraced by it
or not; it is to be enforced like other public laws, and for the
common good.   It may be said that it is intended to benefit spe-
cially a locality and those residing there, but this may be said of
all local laws. / While it is intended to have a wholesome local
effect, it does not apply to individuals or classes, but to the whole
community, and is likewise intended to promote the common
good, without distinction in any respect.   *State* v. *Cobb*, 1 Dev.
& Bat., 115; *Shepherd* v. *Com'rs*, 90 N. C., 115.

The statute in question was not bought forward in The Code,
and the counsel for the defendant insisted that if it is a public
law, it was repealed by the statute (The Code, §3876), which
provides "that all *public* and *general* statutes not contained in
this Code, are hereby repealed, with the exceptions and limita-
tions herein mentioned."   This contention is without foundation,
because The Code, §3873, expressly provides that "no act of a
private or local nature   *   *   *   *   shall be construed to be
repealed by any section of this Code."   As we have seen, the
statute is public and local, and is therefore not repealed.

Nevertheless, we are of opinion that the Court ought to have
arrested the judgment, because the indictment does not suffi-
ciently charge an offence under the statute, or indeed any offence.
It provides that in a contingency specified in it, depending on
a popular vote, to be taken as therein directed, it shall be un-
lawful to sell spiritous liquors, except in a quantity specified,
within two miles of the court house in the town of Morganton,
and it is made a misdemeanor to make any such sale, punishable
by fine or imprisonment, or both, in the discretion of the Court.

The indictment does not allege that an election was held as
required by the statute, or that the contingency happened upon
which it became unlawful and indictable to sell spiritous liquors

within the area of territory specified. Such omission is fatal. It must appear in the indictment itself, that an offence is charged therein. This is essential to enable the party indicted to make his defence, and the Court to proceed to trial, and judgment, in case of conviction. It must appear in the record, that the Court has jurisdiction of the offence charged, and to this end, it must appear in the indictment that an offence is charged.

The Court, seeing the indictment in this case, could not determine that an offence was committed, under the statute mentioned, or at all. Indeed, no offence is charged, for it was not unlawful to sell the spiritous liquors as alleged, unless the contingency had happened upon which it became unlawful to sell. The Court could not take judicial notice that an election had been held by the authorities designated in the statute—that a majority of the votes cast were in favor of "prohibition," and that such result was duly certified, so that the sale of spiritous liquors became, within the area of country specified, a criminal offence. These facts, if they existed, as it seems they did, or the substance of them, ought to have been averred in the indictment and proven on the trial. *State* v. *Cobb, supra; State* v. *Loftin,* 2 Dev. & Bat., 31 ; *State* v. *Eason,* 70 N. C., 88; *State* v. *Sloan,* 67 N. C., 357.

As the Court could not see in the record, that an offence was charged against the defendant, no judgment could be properly given against him. Judgment must therefore be arrested.

There is error, and to the end that the same may be corrected, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.　　　　　　　　　　　　　　　　　　Reversed.