STATE v. BYTHA WALLACE.

*Public Local Statutes—Sale of Liquor—Indictment.*

1. An Act prohibiting the sale of liquor within a certain distance of a locality named in the Act, is a public local statute, and need not be specially averred in an indictment under the Act.

2. On the trial of an indictment for selling liquor under this Act (Laws of 1885, ch. 175, §34,) evidence is immaterial which goes to show that the defendant was the employé and general agent of the owner of the premises, and that the defendant distilled the liquor sold by him as such employé and agent, at a distillery on the premises, and from fruit grown thereon.

3. One part of a statute may be private, while another part may be public and general, or local, and *vice versa.*

(*State* v. *Chambers*, 93 N. C., 600 ; *State* v. *Cobb*, 1 Dev. & Bat., 116 ; *Humphries* v. *Baxter*, 5 Ired., 437, cited and approved).

INDICTMENT, tried before *Boykin, Judge,* at March Term, 1886, of the Superior Court of CUMBERLAND county.

The State introduced one McBryde, who swore that he purchased from the defendant, in the year 1885, one quart of apple brandy, at a distillery one and a half miles from Little River Academy.

The defendant then offered to prove that the distillery was owned by one Adams; that the brandy sold was made by himself, as employé of said Adams, from fruit grown on the premises, and that said distillery was situate therein.

Upon objection, the Court excluded this evidence as immaterial.

The defendant then offered to prove further, that he was the general agent of said Adams, in controlling the farm and distil-

lery, and in selling the brandy so manufactured, being employed by the year by said Adams for that purpose.

Upon objection, the Court excluded this evidence as immaterial, to which ruling of the Court the defendant excepted.

The jury returned a verdict of guilty.

The defendant then moved an arrest of judgment, because the Act prohibiting the sale of spirituous liquor, within three and one half miles of Little River Academy, is a private statute, and should be specially pleaded in the indictment.

Motion overruled, and judgment pronounced, from which the defendant appealed to the Supreme Court.

*Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J.   The motion in arrest of judgment was properly disallowed.   The statute upon which the indictment is founded, although found in, and making a section of a private statute, is a local public statute, of which the Court takes notice, and it was not therefore, necessary to set it forth, or refer to it by averment in the indictment.   It does not apply to, operate upon, and affect only individuals, or particular classes of individuals, in a way peculiar to themselves, but it has general application, and operates upon all classes of people alike, who may reside, be, or go, within the area of territory designated. It is local, but public.   *State* v. *Chambers,* 93 N. C., 600; *State* v. *Cobb,* 1 Dev. & Bat., 116.

The mere fact that the statute appears in, and as a section of, a private one, does not make it private.   It is well settled, that one part of a statute may be private, while another part may be public and general, or local.   It not infrequently happens that public statutes contain provisions of a private nature, and *vice versa.*   *Humphries* v. *Baxter,* 6 Ired., 437; Pot. Dwar. on Stats., 53.

Manifestly, the evidence offered by the defendant and excluded by the Court, was immaterial. The fact that the defendant was in the service of another person, and sold the spirituous liquor for his employer; and the further fact that the liquor was manufactured from his own products on his own farm, by the employé, could not alter the case. If, indeed, the employer had instructed him to sell it, though so manufactured, then both would be guilty of the like criminal offence under the statute. The employé had no right to sell it.

The statute, (Acts of 1885, ch. 175, §34), does not, as it seems was contended, authorize the owner of land, on which the spirituous liquor was manufactured, to sell it at the place of manufacture, or sell it, if of the products of his own farm, within the area of territory, within which the sale of spirituous liquor is prohibited by a local statute. That section simply regulates the subject of license to sell liquors, and in certain cases, allows sale of the same without license. It does not purport, nor was it intended to, nor does it, in effect, repeal or affect statutes prohibiting the sale of spirituous liquors in certain designated localities.

There is no error, and the judgment must be affirmed. To that end, let this opinion be certified to the Superior Court. *It is so ordered.*

No error.                                   Affirmed.