## STATE v. JAMES STOVALL.

*Agricultural Societies—Police Regulations—Constitutional Law.*

1. The provisions of ch. 33, Acts of 1887, amending the charter of the Roanoke and Tar River Agricultural Society, incorporated under chapter 88, Private Laws of 1870–'71, which forbids any person, not doing a regular business within half a mile of the grounds of the society, from selling, &c., any liquors, tobacco, or other refreshments, &c., within that distance from said grounds, and making it a misdemeanor so to do, is constitutional—not violating section 7, Article I, as to *exclusive emoluments* or *privileges*, nor section 31, as to *perpetuities* and *monopolies.*

2. The power of the Legislature to enact laws conferring police powers, regulating traffic, &c., in certain localities, &c., is established, and such power is properly exercised for the encouragement of agricultural societies, and providing regulations for preserving order and promoting the comfort, &c., of those assembled at their fairs.

INDICTMENT for selling liquors, tobacco, &c , within one-half mile of the fair grounds of the Roanoke and Tar River Agricultural Society, contrary to law, tried before *Graves, J.,* at Spring Term, 1888, of the Superior Court of HALIFAX County.

The jury rendered the foll wing special verdict: " The Roanoke and Tar River Agricultural Society is a corporation, having been incorporated under the laws of North Carolina, chapter 88, Private Laws 1870–'71, which said act of incorporation was amended by the act hereunto annexed and by chapter 33, Private Laws of 1887. All of said acts are made a part of this case.

" That during the annual fairs held by the said Society since the beginning and during the fair held on its grounds during the year 1887, privileges were leased to many parties to sell liquors, tobacco and refreshments, and goods, wares and merchandise, and the same were sold during its continuance within its said grounds.

" That the defendant, James Stovall, leased a stand upon the lands of one R. W. Daniel, within one-half mile of the grounds of said association, and was engaged in selling food and refreshments during the holding of said annual fair of 1887, until he was arrested at the instance of said association. Said defendant was not doing regular business within the prohibited territory. .

" The above facts are found by the jury as a special verdict, and if his Honor is of opinion that the defendant is guilty, then the jury find him guilty."

By chapter 88, Private Laws 1870–'71, the Roanoke and Tár River Agricultural Society was duly incorporated.

This act of incorporation was amended by chapter 33, Acts of 1887, limiting the capital stock of the company to $5,000, to be divided in such number of shares as the incorporators might determine, and by chapter 39, Acts of 1887, by adding the following section:

" That it shall be unlawful for any person or persons, individual or corporate, to sell or offer for sale any liquors, tobacco or other refreshments of any kind whatsoever, or any goods, wares or merchandise of any kind, within one-half mile of the grounds of said association, during the week of their annual fair.   Any one violating the provisions of this section shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not to exceed two hundred dollars.   This act shall not apply to persons doing regular business within the prohibited territory."

Copies of the several acts referred to are annexed and made a part of the verdict, but it is not necessary here to set them out more fully than above.

" Upon said verdict the Court adjudged the said James Stovall to be guilty," and there was a judgment, and defendant appealed.

103—27

· *The Attorney General,* for the State.

*Messrs. T. N. Hill* and *J. M. Mullen,* and *W. E. Daniel* (by brief), for the defendant.

DAVIS, J. (after stating the case). The defendant insists that the statute under which he is indicted is unconstitutional; that by the amendment in ch. 33, Private Acts of 1887, the Roanoke and Tar River Agricultural Society lost its original character and became a joint stock company, and the effect of the prohibitory section is to confer upon the association privileges denied to individuals, and is therefore in violation of Art. I, sec. 7, of the Constitution, which declares that " no man or set of men are entitled to exclusive or separate emoluments or privileges from the community, but in consideration of public services," and also of section 31 of the same article, which declares that " perpetuities and monopolies are contrary to the genius of a free State, and ought not to be allowed."

We are unable to see that any privilege or right is conferred upon " any man or set of men " which is denied to others, nor are we able to perceive that any " perpetuities or monopoly " is created by the act. Neither the corporation nor the corporators, nor any one else, can lawfully do, " within one-half mile of the grounds of the Roanoke and Tar River Agricultural Association," what the defendant is charged with having done. Whether the society can grant privileges " within " its grounds, under such regulations as it may prescribe, is not presented for our consideration, but we can see nothing in the prohibitory section to prevent it.

The power of the Legislature to enact laws conferring police powers and regulating traffic, &c., within particular localities, seems to be well settled. *Intendent and Comm'rs of Raleigh* v. *Sorrell,* 1 Jones, 49; *State* v. *Muse,* 4 D. & B., 319; *Muller* v. *Commissioners,* 89 N. C., 171; *State* v. *Joyner,* 81 N. C., 534. Sections 1079, 3670 and 3671 of *The Code* impose restrictions

and regulations, the constitutionality of which have never been questioned. No vested rights are interfered with by such regulations. Cooley's Const. Lim, 746 to 750, 594 to 598; *Phelps* v. *Raney*, 60 N. Y., 10.

Organizations such as the Roanoke and Tar River Agricultural Society are justly considered of public benefit, and large numbers of people congregate at their fairs, and from the very nature of such assemblies, regulations for the preservation of order are necessary, and the Legislature has the power to enact such laws and provide for such regulations as will preserve the good order and promote the interest and comfort of those who assemble for purposes of pleasure or for the advancement of agricultural interests. The statute deprives no one of any vested right—interferes with no one's "regular business."

No error.                                          Affirmed.