### THE STATE v. O. WITTER.

*Liquor Selling—Statute, Repeal of.*

Chapter 183, Private Laws 1889, amending the charter of the town of Marion, did not, either by the provisions contained in the body of the act, or by the repealing clause thereof, repeal that portion of the Act of 1879, ch. 232, prohibiting the sale of liquors within two miles of the court-house in McDowell County.

CRIMINAL ACTION, tried at Fall Term, 1890, of McDOWELL Superior Court, *Merrimon, J.*, presiding.

The indictment charges that the defendant sold to a person named one pint of spirituous liquor "within less than two miles of McDowell Court-house," &c. He pleaded "not guilty." On the trial, the jury rendered a special verdict, from which it appeared that the defendant, as charged, sold spirituous liquor within half a mile of said court-house, and within the corporate limits of the town of Marion, and that at the time of such sale he "had a (retail) license regularly issued to him by the Sheriff of the county by order of the Board of County Commissioners, and had paid all the tax required by law, both to the State and county and to the town of Marion."

Under appropriate instructions, a verdict of "guilty" was entered. The Court gave judgment against the defendant, and he, having excepted, appealed.

*The Attorney General*, for the State.
*Mr. J. F. Morphew*, for the defendant.

MERRIMON, C. J.—after stating the facts: The statute (Acts 1879, ch. 232) prohibits the sale of spirituous and other liquors specified within two miles of the "court-house in McDowell County." If this statutory provision has not been

repealed or modified by the other statute presently to be mentioned, the County Commissioners of McDowell County had no authority to order the Sheriff of that county to grant a license to sell spirituous liquors, in any quantity, within the territorial limit mentioned, to the defendant, and the license that he purported to have would, in that case, be void and of no effect. The statute (Acts 1889, ch. 216, § 32) regulating the sale of spirituous and other liquors, prescribes how a license to sell such liquors shall be granted, "except in territory where the sale of liquors is prohibited by law." As to this, no license can be granted.

It is contended, however, that the subsequent statute (Pr. Acts 1889, ch. 183), amendatory of the charter of the town of Marion, in the county of McDowell, repealed so much of the statutory provision first above cited as applies to territory within and embraced by the corporate limits of that town, and these limits embrace a considerable part of the territory within which the sale of liquors is so prohibited. The amendatory statute last above cited, among other things, confers upon the authorities of the town of Marion "power annually to levy taxes for town purposes on real and personal property," and likewise to tax trades, businesses, etc., and "on every bar-room," and "on every person dealing in spirituous, malt or vinous liquors," and also "on every wholesale dealer in spirituous, malt or vinous liquors." The repealing clause of the statute provides, that "All laws and parts of laws inconsistent with the provisions of this charter within the corporate limits herein provided for are hereby repealed, and this act shall be in force from and after its ratification "

It is to be observed that the statute, of which this repealing clause is a part, is organic in its nature and amendatory of a like pre-existing statute on the same subject. Its purpose is to incorporate a town—to confer upon it a corporate entity, certain defined powers and privileges to be exercised

when and as may be allowed by its charter consistently with and in subordination to the existing public laws of the State and such as may from time to time be enacted. Its purpose is particular, in no sense general, nor is it intended by it to improve, modify or repeal existing public laws, whether local or general. It does not provide in terms, nor by reasonable implication intend, that bar-rooms *shall* be allowed, or that spirituous or other liquors shall be sold within the town, nor does it so provide or imply that such bar-rooms *may* be allowed or such liquors sold therein, at all events in the discretion of the town authorities and the county commissioners—it simply intends to confer organic charter authority, in such respects to be exercised if and when the pertinent public laws of the State shall so allow. The repealing clause above recited has pertinency to and must be construed in connection with the nature and purpose of the statute of which it is a part, and hence, it has reference to and implies "all laws and clauses of laws" conferring power, authority and privileges upon or denying the same to the town as such whose charter the statute amends. The Legislature in this statute might have modified or repealed the other statute prohibiting the sale of spirituous and other liquors within two miles of the "court-house of McDowell County," but it should have done so by express provision or in such way as to certainly manifest such purpose. Such purpose has not been clearly manifested, nor is it at all probable that the Legislature intended to modify the statute so as to exclude from its operation the territory within the town of Marion, and leave a narrow belt of territory immediately around it within which such sales could not be made. It was much more probable that there was no purpose in granting a mere amendatory charter to interfere with a local public law forbidding the sale of such spirituous liquors. It is altogether probable that, if there had been such purpose, it would have been expressed

unmistakably. *State* v. *Chambers*, 93 N. C., 600; *State* v. *Wallace*, 94 N. C., 827.

The license relied on by the defendant was, therefore, void, and did not authorize him to make the sale of the spirituous liquors charged in the indictment.

Affirmed.