THE STATE v. M. L. BARRINGER.

*Constitution—Liquor Selling and Manufacture—Police Regulations—Statute, Suspension of.*

1. The statute, chapter 4, Private Laws, 1891, prohibiting the manufacture of spirituous liquors within three miles of the Orphans' Home, near Barium Springs, Iredell County, without the written permission of the Superintendent of the Home, is a constitutional exercise of the power of police regulations, and operates on those who, at and before the time of its enactment, were engaged in the manufacture of such liquors within the prescribed territory.

2. The fact that, upon the destruction of a portion of the buildings connected with the Home, the inmates were removed temporarily to another place while the buildings were reconstructed, did not have the effect to suspend the operation of the statute.

3. An act may be in part a public statute and in part a private one.

This is an INDICTMENT under chapter 4, Private Laws, 1891, for manufacturing spirituous liquors within three miles of the Orphans' Home, at or near Barium Springs, tried before *McIver, J.,* at February Term, 1892, of IREDELL Superior Court.

The State offered evidence tending to show that the corporation had been regularly organized under its charter, and elected the Superintendent, Rev. R. W. Boyd, and other officers; that defendant had a distillery within three miles of

said Home, and had operated the same before the passage of said act, and the establishment of said Home, but had suspended for a time after the organization of the said Home; and, then, afterward, on the 12th of November, 1891, began distilling spirits within the prohibited distance; that after the corporation was organized, it located and established the Home near Barium Springs, consisting of a forty-acre farm, the main building being the residence of the orphans and Superintendent, and four or five other buildings, consisting of barns, etc.; that said distillery continued in operation by defendant from November 12th till the time of the finding of this indictment, but on the 19th day of November, 1891, the main building of the Home, to-wit, the residence building was burned; that temporarily, the Board of Regents removed the orphans for care to a building near Statesville, some five miles from Barium Springs, but that neither the Synod nor any other authority had changed the location of the Home; that the Board of Regents had determined to rebuild the burnt house, and plans to that end were now in progress, and the other buildings constituting a part of the Home had not been burned, and had never been abandoned, but had been all the while in use for the purposes appertaining to the Home, and the defendant never had obtained the written consent of the Superintendent of the Home to manufacture within three miles of the Home. The evidence, tending to show the above facts, came out on direct and cross-examination of the State's witnesses.

Defendant offered no evidence.

The defendant's counsel contended that the act of the Legislature under which the bill was found, was unconstitutional and void, and asked the Court to so instruct the jury. This prayer was refused.

There was a verdict of guilty, and judgment thereon, from which defendant appealed.

*The Attorney General*, for the State.

*Messrs. D. M. Furches* and *Armfield & Turner* (by briefs), for defendant.

CLARK, J.: The Act of the Legislature (Private Acts, 1891, ch. 4), authorized the establishment of an Orphans' Home at or near Barium Springs in Iredell County, and forbade, among other things, the manufacture of spirituous or malt liquors within three miles thereof. The Orphans' Home was established at that point, and the defendant thereafter manufactured spirituous liquor within the forbidden distance without written permission of the Superintendent thereof as provided by the act.

The power of the Legislature to make such enactments is beyond question (*State* v. *Stovall*, 103 N. C., 416; *State* v. *Joyner*, 81 N. C., 534; *State* v. *Moore*, 104 N. C., 714), and has been exercised by each succeeding Legislature till now, it is estimated by some, that in one-half the area of the State the manufacture or sale of spirituous liquor is forbidden. Nor is the power of the Legislature to make such enactment restricted by the fact that prior to the passage of the act the defendant under authority of a license, was already engaged in such manufacture within the three miles limit, and no compensation has been made him for his outlays. This has been held by the United States Supreme Court, for the reason given by it, that "all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community." *Mugler* v. *Kansas*, 123 U. S., 623 (663). And here the Legislature, in the exercise of its police power, has deemed it injurious for the defendant to manufacture liquor within three miles of an Orphans' Home.

It is contended, however, that the enactment became invalid because the orphanage was subsequently abandoned. It is not necessary to consider whether the principle laid down in *State* v. *Eaves*, 106 N. C., 752, applies to this case,

for the evidence, which is not conflicting, in no aspect of it supports the contention. It is in evidence that the main residence building was burned, and that temporarily the orphans were removed for shelter to Statesville, five miles distant, but that the authority which established the "Orphan's Home" had not changed its location from Barium Springs; but on the contrary, the Regents of the Orphanage "had determined to rebuild the burnt house, and plans to that end were now in progress, and the other buildings constituting a part of such home had not been burned, and had never been abandoned, but had been all the while in use for the purposes appertaining to the Home." Indeed, it appears that the defendant was engaged in manufacturing spirituous liquor within the prescribed distance on the 12th of November, 1891, which was after the establishment of the Home, and before the burning of the principal building, as above stated, on November 19th. But we prefer to rest our decision on the ground just stated—that it appears that, in fact, the Home was never abandoned.

It is, however, further contended, that the provision in the act that it is unlawful to make, sell, give or transmit to any inmate of the home, or anyone connected therewith, or to any person within three miles of said home, any spirituous or malt liquors, "without the written permission of the superintendent of the home," is unconstitutional and void, as it makes the operation of the act within the territory depend upon the will of the superintendent. Suppose the act had forbidden the sale within these limits except upon a permit or prescription from a physician, or the sale within a county except upon a license from the County Commissioners, or within a town except upon a permit from the County Commissioners, and then only when endorsed by the town authorities, would such restriction have been invalid? By what constitutional provision is the legislative discretion so restricted that it is forbidden from placing the power to

authorize such sale within this three-mile district, in the person designated in this act? Indeed, authority conferred very similar to this is held valid in *State* v. *Yopp*, 97 N. C., 477. Besides, an act may be constitutional in part and unconstitutional in part. *Johnson* v. *Winslow*, 63 N. C., 552. The Legislature had the power to forbid the manufacture and sale of spirituous liquor within this territory. It clearly exercised this power. If, for any reason, it had no power to authorize the Superintendent of the Home, notwithstanding, to permit, in his discretion, such sale or manufacture, such authority, or attempt to authorize, would be null and void. The act, so far as it prohibited the sale or manufacture of liquors within those limits, would remain valid and would simply be subject to no exception, if the exception be invalid. In fact, however, it is too well established to admit of controveisy that the manufacture and sale of spirituous liquors is a subject of police regulation by the Legislature, and the advisability or propriety of the regulation here made is a matter for legislative discretion. No constitutional provision prohibits it, and the Courts are not authorized to supervise or interfere with matters left to the legislative department. *Powell* v. *Pennsylvania*, 127 U. S., 678. It may be noted, that while the act incorporating the Home is a private statute, the provision therein against the sale of spirituous liquors is public and need not be averred in the indictment. *State* v. *Wallace*, 94 N. C., 827. This is not unusual. Many public statutes contain provisions which are in the nature of private acts, and *vice versa. Durham* v. *Railroad*, 108 N. C., 399; *State* v. *Wallace, supra.*

No error.