### W. H. HARRINGTON v. R. W. KING.

*Sheriff's     Bond — County     Commissioners,     Duty     and Powers of.*

The Board of County Commissioners being required to take and approve the official bonds of sheriffs, and being liable in damages if they knowingly accept insufficient bonds, the approval or disapproval of such bonds is within their discretion, and the courts cannot compel them to approve and receive bonds which they find to be insolvent or insufficient.

CIVIL ACTION brought in the name of the State on the relation of W. H. Harrington, and tried before *Coble, J.,* and a jury, at March Term, 1895, of PITT Superior Court.

The relator offered testimony to prove that W. H. Harrington, sheriff elect, had tendered to the Board of County Commissioners at its meeting on the first Monday in December, 1894, and again on the 21st day of January, 1895, at a lawfully constituted meeting of said Commissioners, good and sufficient bonds, required by law of sheriffs elect, and that the same were wrongfully and erroneously rejected by said Board, and that it wrongfully and erroneously failed and refused to induct into said office said relator. The Court held that the relator could not prove these facts, for that the decision of the Commissioners was final and conclusive and could not be reviewed in this action. Relator excepted. The exception was overruled. The plaintiff submitted to a non-suit and appealed.

*Messrs. Blount & Fleming*, by brief, for plaintiff (appellant).

*Messrs. Shepherd & Busbee*, for defendant.

FAIRCLOTH, C. J.: It is admitted that plaintiff was duly elected sheriff of Pitt county.   It is also agreed that plaintiff tendered his official bonds in due time, and that the Board of County Commissioners refused to accept said bonds and induct plaintiff into office on the ground that said bonds were insufficient, in substance, to secure the penalties of the said bonds, and that the Board so adjudged and declared the office vacant and filled it by electing the defendant, accepting his bonds and qualifying him to discharge the duties of sheriff.

On the trial the plaintiff offered evidence to show that the bonds tendered were good and sufficient, and that they were wrongfully rejected.   His Honor held that such evidence was inadmissible, because the decision of Commissioners was conclusive, and could not be reviewed in this action.   Exception, non-suit and appeal.

The Board of County Commissioners are required to "take and approve the official bonds of Sheriffs," and are liable in damages if they accept insufficient bonds, knowingly or with good reason or grounds to suppose that the bonds are insufficient.   When called upon to take and approve an official bond the Commissioners must exercise their discretion in the particular specified, and, although this Court can compel them to act in the matter, it cannot compel them to approve and receive bonds which they find to be insolvent or insufficient.   We think his Honor's ruling was correct in this action.   *Buckman* v. *Commrs.*, 80 N. C., 121, and authorities cited.   In *Gatling* v. *Boone*, 98 N. C., 573, the question was which party was elected, according to the returns, and no material feature of the present case was in it.

Judgment Affirmed.