## STATE v. JOHN H. SNOW.

*Indictment for Distilling and Selling Liquor within Prohibited District—Judicial Notice—Statute—Local Prohibitory Laws—Validity—Repeal.*

1. The courts will take judicial notice of the political sub-divisions of the State ; hence, where in an "omnibus" act prohibiting the sale of spirituous liquors in certain localities, an alphabetical list of counties is given, each name being followed by a list of the places within a certain distance of which the sale or manufacture of liquor is prohibited, the courts will take judicial notice of the fact that the names in alphabetical order are names of counties although the word "county" nowhere appears in the act.

2. The Legislature has the power to pass local prohibitory laws forbidding the manufacture and sale of intoxicating liquors within certain designated localities.

3. A law prohibiting the sale of intoxicating liquors within two miles of a particular church is valid, notwithstanding a part of the territory so specified is within the limits of a town whose charter had prior to such enactment empowered it to license liquor selling.

4. Private Acts 1895, c. 107, empowering the voters of Mt. Airy to decide by election whether the sale of intoxicating liquors within the municipali'y should be licensed, does not repeal Acts 1893, c. 298, § 2, forbidding the manufacture or sale of spirituous liquor within two miles of Oak Grove Church, in Surry, though a part of the territory so specified falls within the limits of Mt. Airy, as the only effect of the subsequent act, in case the majority of votes are for license, would be to except from the operation of the prohibitory law so much of the specified territory as is embraced within the limits of Mt. Airy.

INDICTMENT for manufacturing spirituous liquors within two miles of Oak Grove Church in Surry county, tried before *Brown, J.*, and a jury, at Fall Term, 1895, of SURRY Superior Court. By consent the jury returned a special verdict as follows:

"Oak Grove Church is near Mt. Airy, Surry county (which is an incorporated town), and is one mile outside corporate line. The defendant operates a distillery within the limits of the town of Mt. Airy, and his distillery is within two miles of Oak Grove Church, and within two miles of Male Academy, in Mt. Airy. Act 1893, chapter 298,.section 2, is part of this finding."

The defendant distilled, and sold, one quart of brandy at his distillery, within two months before the finding of this bill.

Under Act 1895, Private Laws, chapter 107 (made a part of this finding), an election was held in May, 1895; the result was in favor of "No license," by a large majority.

The Act of Assembly, 1881, chapter 98; the act of Assembly, 1895, chapter 159, section 7 (Private), are all made part of this finding.

Upon the rendering of such special verdict, the court adjudged the defendant guilty, and directed the jury to render a verdict of "Guilty," which verdict was rendered and recorded.

The defendant excepted to the direction. and order of the court. The court rendered judgment and fined defendant, who appealed.

*The Attorney General*, for the State.

*Messrs. J. E. Boyd, J. N. Staples* and *Glenn & Manly*, for defendant (appellant).

CLARK, J.: Chapter 298, Acts 1893, "An act to pro-

hibit the sale of spirituous liquor in various localities", gives, as is usual in such "omnibus" acts, an alphabetical list, "Alexander, Alleghany, Anson, Ashe," &c., each name followed by a list of places within a certain distance of which the sale or manufacture of liquor is prohibited. The courts take judicial notice of the political sub-divisions of the State, because they are prescribed by statute, *State* v. *Ray*, 97 N. C., 510. Seeing that in this list all the names are those of counties, when *Surry* is reached it would be "sticking in the bark" indeed not to construe that part of the Act as referring to Surry county. The power of the Legislature to pass local prohibitory acts is settled in *State* v. *Barringer*, 110 N. C., 525, and cases there cited. Nor is there any more force in the second objection raised by the defendant. The Act (Section 2) forbids the making, selling or disposing of spirituous liquor with a view to remuneration within two miles of Oak Grove Church (and divers other places) in Surry. The special verdict finds that the defendant distilled and sold spirituous liquor within two miles of said Oak Grove Church. The additional fact that said distillery was within the limits of Mt. Airy, an incorporated town, has no bearing, for even had the charter conferred on said town the right to license liquor selling, the Legislature is not debarred from curtailing or withdrawing such right by a subsequent act embracing Mt. Airy within territory wherein the sale or manufacture of spirituous liquor is prohibited. The charter (Private Acts, 1887, Ch. 62, Sections 31 and 35) however, if it had been enacted subsequent, instead of prior to the Act of 1893, would not have abrogated by implication the express prohibition in the Act of 1893. *State* v. *Witter*, 107 N. C., 792.

Nor does Chapter 107, Private Acts 1895, avail the defendant. That merely empowered the voters of Mt.

STATE *v.* SNOW.

Airy to decide by an election whether or not the sale of spirituous liquors should be licensed within said munici- pality. Had the majority of votes at such election been cast in favor of license, the result would have been to except from the operation of the prohibitory act of 1893 so much of the territory within two miles of Oak Grove Church as was embraced within the limits of Mt. Airy. And even then this exception would not have availed the defendant as such modification would have permitted only the sale but not the making of spirituous liquor within the excepted territory. The special verdict finds however that such election went "in favor of No License by a large majority." So the provision of the Act of 1893 (Ch. 298) prohibiting the manufacture or sale of spirit- uous liquor within two miles of Oak Grove Church has received no modification and the court in adjudging the defendant guilty upon the special verdict committed no error.

No Error.