STATE v. ALEXANDER JONES.

*Indictment for Failure to Pay Taxes—Machinery Act—Statute, Constitutionality of.*

1. The failure to pay taxes before the day on which the collector's right to collect them by distress begins is not an indictable offence under Sections 52 and 53 of Chapter 168, Acts of 1897 (Machinery Act)

2. A Statute which discriminates between the different counties of the State, as to the times when the payment of taxes can be compelled, is not unconstitutional, since its provisions affect every one alike in the localities to which they are applicable and contain no violation of the principle of equation of taxation.

INDICTMENT for failure to pay State and County taxes on the first Monday of September, 1897, and before the first Monday of November, 1897, tried before *Starbuck, J.*, and a jury at Fall Term, 1897, of ROCKINGHAM Superior Court. The jury rendered a special verdict as follows: "That the defendant Alex Jones was on or before the first day of June, 1897, between the ages of 21 and 50 years and was a resident of Wentworth Township, Rockingham County and subject to a poll tax: That the State of North Carolina and the Commissioners of said County duly levied upon said defendant for the year 1897, capitation taxes amounting, in the aggregate to $2.15 and placed the same in the hands of the Sheriff of said County for collection as required by the Machinery Act of 1897; that said defendant failed to pay said taxes on the first Monday of September, 1897, and failed to pay them on or before the first day of November, 1897; that the County of Rockingham is one of the Counties embraced in the second and last proviso contained in Section 36 of the Machinery Act of 1897, forbidding the Sheriff from levying on property before March 15th, and requiring him to attend during said month at one or more places in each township for the purpose of collecting unpaid taxes as stated in said proviso. If upon the foregoing facts the Court shall be of the opinion that the defendant is guilty, the jury so find; if the Court shall be of the opinion that the defendant is not guilty, the jury so find." His Honor being of the opinion that, upon the facts found by the jury, the defendant was not guilty so adjudged and ordered the discharge of the defendant, and the Solicitor for the State appealed.

121—78

*Mr. Zeb V. Walser, Attorney General,* for the State.
No counsel *contra.*

MONTGOMERY, J.:  The indictment was found at Fall Term, 1897, of Rockingham Superior Court which was convened on the 31st of October, and charged the defendant with a failure and refusal to pay his taxes for the year 1897, to the Sheriff of the County, on or before the 1st day of September, 1897, or on the first of November next following.  The defendant was put on trial and the jury returned a special verdict.  Upon the facts found in the verdict the Court pronounced judgment in favor of the defendant and the State appealed.

If there was a purpose to get a speedy decision by this Court upon the construction of Sections 52 and 53 of Chapter 168, Acts 1897 (an Act to raise revenue), a most unfortunate venue was selected for the trial of the indictment. We are happily relieved of the necessity of discussing that question in the matter now before us except to a very limited extent.

One thing is certain, among many other things uncertain, in the Machinery Act, and that is that all taxes shall be due on the first Monday in September in each year; and also that no collecting officer shall sell property for taxes before the first day of November next following; and indeed, in certain Counties of the State, not until after the 15th of March in the next year.  The law cannot require impossibilities of its subjects, and, as it would be physically impossible for the tax collectors to receive the entire taxes due by all of the people of the whole State and for the tax payers to pay their taxes, in one day, the day on which they become due (the first of September), we must necessarily hold that the failure or refusal to pay taxes before the day on which the collector's right to sell begins, is not an indictable

offence in contemplation of the Act. The County of Rockingham is one of the Counties in the State excepted from the general provisions of the Revenue Law as to the time at which taxes can be collected by distraint and sale. The Sheriff in that County cannot sell property for taxes until after the 15th of March following the September first on which the taxes became due. This being so, of course the defendant who is a citizen and tax-payer of Rockingham County, could not be lawfully indicted for the non-payment of his taxes until the 15th of next March, *if indeed he then could be,* (upon which question we express no opinion for the reason that the matter is not before us.)

If it was intended by this appeal to test the power of the General Assembly to discriminate between the different Counties of the State as to the times at which the people shall pay their taxes, it is to be observed that such laws have been common in our past legislative history, and they have not been assailed so far as we know on the ground that they were unconstitutional. The early marketing of the products of the Eastern Counties enables the people of those counties to pay their taxes earlier than the people of the Western Counties can conveniently pay theirs, because of the necessary lateness of the marketing of their chief crop. Such Statutes, although local, are still public laws. They affect everybody alike in the localities where they prevail and confer no exemptions or special privileges upon any. There is no violation of the principle of equation of taxation and the State, during the fiscal year, receives its revenue from all of its people under laws operating justly throughout the whole State.

Under the police power, the sale of liquor has been regulated by Statutes applicable to particular localities. *State* v. *Chambers*, 93 N. C., 600; *State* v. *Wallace*, 94 N. C., 827. Indeed, a Statute regulating the sale of cotton, as to hours

of sale and quantities sold, in particular counties, has been held to be constitutional. *State* v. *Moore*, 104 N. C., 714.

The judgment pronounced by the Court upon the special verdict was correct and the same is affirmed.

Affirmed.