SAMUEL J. GUY v. COMMISSIONERS OF CUMBERLAND COUNTY AND THE DISPENSARY BOARD.

(Decided April 5, 1898).

*Intoxicating Liquors—Legislative Control of Sale— Monopoly of Sale—Dispensarg Law—Constitutinality of Statute.*

1. The regulation of the traffic in liquors is within the police power of the State, and a law regulating the sale within a particular locality is not unconstitutional because local, the only limitation upon a local Act being that it must bear on all alike within the designated locality.

2. There is no vested right acquired by persons engaged in the liquor traffic which prevents its being forbidden by the General Assembly.

3. The control of the sale of liquor within a county under the "dispensary" system, as provided in Chapter 235, Acts of 1897, is not such a monopoly as contemplated by the inhibition contained in Section 31, Article I, of the Constitution.

CIVIL ACTION brought and pending in CUMBERLAND Superior Court to enjoin the Dispensary Board of Cum-

berland county from establishing and maintaining the dispensary authorized by Chapter 235, Acts of 1897, and to enjoin the defendant County Commissioners from paying out any county funds or pledging the credit of the county for the support of such dispensary and from engaging in the sale of liquor under said Act, and to have said Act declared unconstitutional. A rule to show cause, &c., was issued by *McIver, J.*, and the answer thereto heard before him at Chambers in Carthage, N. C., on the 22nd June, 1898.

His Honor discharged the rule to show cause as to the Dispensary Board for Cumberland county, but enjoined the defendant county commissioners from appropriating any moneys to the support of the Dispensary. From the order discharging the rule as to the Dispensary Board, the plaintiff appealed.

*Mr. George M. Rose* for plaintiff (appellant).

*Messrs. R. P. Buxton* and *N. A. Sinclair* for defendants.

CLARK, J.: The General Assembly of 1897 enacted a statute (Chapter 235) to "regulate the sale of liquors in Cumberland county and to establish a Dispensary." This action is brought by the plaintiff in behalf of himself and all other tax payers and residents of said county who may join in the action, to enjoin the county commissioners from paying out any money to aid in establishing or maintaining said Dispensary, or pledging the faith and credit of the county for any debt contracted on behalf of the same, and also to enjoin the operation of the Dispensary on the ground that the Act is unconstitutional and void.

The defendants filed an answer that no county funds have been advanced, and the credit of the county has

not been pledged (the only attempted help having been the loan of $100 in county scrip, which was returned unused to the county commissioners by the Dispensary Board), and the Court enjoined the county commissioners from appropriating any money of the county, or pledging the faith and credit of the county, in aid of the Dispensary. This order is not appealed from, and therefore it is unnecessary to consider its validity. The plaintiff has the relief he asked for in that regard.

It is not easy to perceive how, as a tax payer, he can complain of the establishment of the Dispensary; which has devolved, and after the above injunction can devolve, no expense upon the county, and which upon the answer appears to be bringing a considerable revenue into the county treasury, largely in excess of that formerly received from liquor licenses, besides reducing the volume of drunkenness and the expense of criminal trials resulting therefrom. But, upon the question of constitutionality, no doubt can arise. The subject of the regulation of the traffic in liquors has been held uniformly to be within the police power of the State, both by the Supreme Court of the United States and of this State. *Ficense Cases*, 5 Wall., 452; *Foster* v. *Kansas*, 112 U., S., 205; *State* v. *Joyner*, 81 N. C., 534.

Nor is it essential that the regulation shall be uniform throughout the State. It is estimated, by careful calculation, that by virtue of local prohibitory statutes, passed by the General Assembly from time to time, and local prohibition adopted by popular vote under legislative authority for other localities, that as to one-half of the area of the State there is a total prohibition of the manufacture and sale of intoxicating liquors. In addition, in other localities the General Assembly has authorized the high license system, and in several others the

dispensary system, which the Act in question provides for Cumberland county.

These local acts are within the discretion of the General Assembly, and have been held valid as to the regulation or prohibition of the liquor traffic. *State* v. *Muse*, 20 N. C., 319; *State* v. *Joyner*, 81 N. C., 534; *State* v. *Stovall*, 103 N. C., 416; *State* v. *Barringer*, 110 N. C., 525; *State* v. *Snow*, 117 N. C., 774; and as to restricting the sale of seed cotton in certain localities, *State* v. *Moore*, 104 N. C., 714; as to stock running at large, *Broadfoot* v. *Fayetteville*, 121 N. C., 418; and in other instances, *Intendent* v. *Sorrell*, 46 N. C., 49. The only limitation is that the law must bear alike on all within the designated locality. *Broadfoot* v. *Fayetteville, supra.* There is no vested right acquired by those engaged in the liquor traffic, which prevents its being forbidden by an Act of the General Assembly. *Mugler* v. *Kansas*, 123 U. S., 623, 663; *State* v. *Barringer, supra.*

The gist of the plaintiff's contention against the Dispensary is that it is a monopoly. To this, Mr. Justice Brown has replied very conclusively in *Scott* v. *Donald*, 165 U. S., 104 : "Granting that it is a monopoly of traffic in such liquors, it is not a monopoly in the ordinary or odious sense of the term, where one individual or corporation is given the right to manufacture or trade which is not open to others, but a monopoly for the benefit of the whole people (of the district), the profits of which, if any, are enjoyed by the whole people; in short, a monopoly in the same sense in which the postoffice department, and the right to carry the mails, is a monopoly of the Federal Government. *Lowenstein* v. *Evans*, 69 Fed. Rep., 908. Also, the well considered opinion of the Supreme Court of South Carolina, 42 S. C., 222, and Slaughter House Cases, 83 U. S., 36.

It is to be observed that no question of inter-State commerce is presented by this record, but simply the right of the State under its police power to provide for the local regulation of the liquor traffic in Cumberland county by the means which the General Assembly thinks best. *Barbier* v. *Connelly*, 113 U. S., 27.

Affirmed.