**A. M. BENNETT** *et al.,* Dispensary Commissioners and Manager, v. THE COMMISSIONERS OF SWAIN COUNTY.

(Decided December 19, 1899.)

*Dispensary Act 1899, Chap. 558—Mandamus.*

1. An act may be constitutional in part and unconstitutional in part.
2. The validity of the Dispensary Act of 1899, chap. 558, is in no wise dependent upon its acceptance by the County Commissioners, and as the act requires them to pass upon the official bonds of Dispensary Commissioners and Manager, tendered to them, it was their duty to do so in good faith.
3. Mandamus is the proper remedy against a public officer who refuses to discharge a specific duty required of him by law.

ACTION OF MANDAMUS to require the defendants to pass upon the official bonds of plaintiffs, Dispensary Commissioners and Manager, under the Act 1899, chap. 558, tried before *Starbuck, J.,* at SWAIN Superior Court, and judgment filed 22nd May, 1899, directing the mandamus to issue. Defendants appealed.

The opinion states the case.

*Mr. F. C. Fisher,* for appellants.
*Mr. A. M. Fry,* for appellee.

BENNETT *v.* COMMISSIONERS.

CLARK, J.    Sec. 11, chap. 558, Laws 1899, prescribes that the Town Commissioners of Bryson City shall appropriate one-third and the County Commissioners of Swain two-thirds of the funds necessary to establish and keep in operation the dispensary created in said town by that act, the net profits arising therefrom to be divided between the town and county in the same proportion.    The County and Town Commissioners aforesaid declined to make any appropriation for the establishment of the dispensary.    Sec. 3 of the said act requires the manager to give the bond therein prescribed, to be approved as other official bonds, and sec. 14 prescribes the bonds for the Dispensary Commissioners.    These bonds were prepared and tendered to the County Commissioners, who refused to act on them, either to approve or to disapprove the same, on the ground that having refused to make the appropriation required by the act, the dispensary became illegal.

This is a proceeding by mandamus to compel the County Commissioners to consider and pass upon the bonds aforesaid tendered by the plaintiffs, Manager and Commissioners of the dispensary.    The Court below properly granted the mandamus.    The validity of the act was made in nowise dependent upon its acceptance by the County and Town Commissioners.    They were simply directed by the act to make certain appropriations to aid in the establishment of the dispensary.    That was a purely incidental requirement, and, if unconstitutional, as defendants claim, it would not impair the constitutionality of the rest of the act, for an act may be constitutional in part and unconstitutional in part.    *McCless v. Meekins,* 117 N. C., 34.

Whether the requirement of the appropriation of money by the County and Town Commissioners is constitutional or not, is not presented, as the plaintiffs not only do not ask judgment that the appropriation be made, but in open court expressly

waived all claim to it.   The rest of the act is in substance the same as that providing a dispensary for Cumberland County (chap. 235, Laws 1897), which was held constitutional in *Guy v. Commissioners,* 122 N. C., 471, and therefore need not be discussed.   The Commissioners should, as ordered by the Court below, proceed in good faith, according to the purpose of the act, to consider and pass upon the sufficiency of the bonds tendered by the plaintiffs.

That mandamus is the proper remedy against a public officer who refuses to discharge a specific duty required of him by law, has been often decided.   *Railroad v. Jenkins,* 68 N. C., 602, cited in *Russell v. Ayer,* 120 N. C., at p. 186; *Tate v. Commissioners,* 122 N. C., 812; *Harrington v. King,* 117 N. C., 117.

Affirmed.