E. T. GARSED v. CITY OF GREENSBORO; THE DISPENSARY
BOARD, its TREASURER and MANAGER.

(Decided March 13, 1900.)

*Greensboro Dispensary Board—State Agency—Police Regu-
lation—Act 1899, Chapter 254—The Constitution, Arti-
cle VII, Section 7—Injunction Order.*

1. The dispensary system does not create a monopoly in the odious and
   offensive sense of that term.

2. The powers conferred by the Dispensary Act 1899, chap. 234, upon the
   Commissioners of Greensboro to incur debts and loan its credit in
   the establishment of the dispensary, it not being a necessary
   expense, and not being sanctioned by a popular vote, are repug-
   nant to the Constitution, Art. VII, sec. 7, and were properly
   enjoined.

3. An act may be constitutional in part, and unconstitutional in part;
   there is no inhibition upon the Dispensary Board carrying out
   the purposes of the act, with their own means, should it see fit to
   do so. The act so provides.

4. The city of Greensboro has no control over the Dispensary Board, it
   is an agency of the State, and the restraining order against the
   Board was properly dissolved.

5. So far as the city of Greensboro is concerned, as it claimed the right
   to loan pecuniary aid to the dispensary, although not disposed to
   exercise that right now, it was wise to prevent its exercise in the
   future by continuing the injunction to the final hearing.

CIVIL ACTION, to annul by injunction the Greensboro dis-
pensary, pending in GUILFORD Superior Court, at August
Term, 1899, and heard before *Bryan, J.,* at Chambers, upon
a motion by plaintiff to continue the restraining order until
the final hearing.

The decision of the cause involved the consideration of the
constitutionality of the Dispensary Act of 1899, chap. 254.

His Honor dissolved the restraining order so far as the Dispensary Board was concerned, and the plaintiff excepted and appealed.

So far as the city of Greensboro was concerned, his Honor continued the restraining order until the final hearing. The city of Greensboro excepted, and appealed.

### APPEAL OF PLAINTIFF.

*Messrs. Bynum & Bynum,* and *J. N. Staples,* for plaintiff.
*Messrs. A. M. Scales, J. N. Wilson,* and *A. L. Brooks,* for defendant.

MONTGOMERY, J. The purpose of this action is the same as was that in *Guy v. Commissioners,* 122 N. C., 471, the overthrow of the dispensary system instituted by the General Assembly for the better regulation of the sale of liquor. In this action the plaintiff seeks to enjoin the defendants, the Dispensary Board, its treasurer and manager, from establishing and maintaining the dispensary in the city of Greensboro, provided for in chap. 254 of the Laws 1899, and from borrowing any money from the city of Greensboro for that purpose, or for contracting any debt for that purpose, and also to enjoin the city from lending or appropriating any money to the Board, or from lending its credit or pledging its faith for the benefit of the Board, or any of its officers, for the purposes named in the act. The city was enjoined according to the prayer of the complaint, the injunction prayed for against the Dispensary Board was refused, and both sides appealed.

In *Guy v. Commissioners, supra,* the main objection which was urged against the legislation was that there was produced thereby an unlawful monopoly inconsistent with sec. 31 of Art. I of the State Constitution. In the present case,

that ground of objection was made, but it was not pressed as the chief point of attack.    The opinion in that case is a complete answer to the contention that such legislation creates a monoply in the odious and offensive sense of that term; and we care to add nothing to what is said on that point in that case.

The strong and open battle of the counsel of the plaintiff was made against the act on the ground that the powers conferred upon the Dispensary Board in sec. 4 of the act, and upon the Commissioners of the city of Greensboro in sec. 5, are repugnant to sec. 7 of Art. VII of the Constitution, and that that being so the whole act is void.    Sec. 4 is as follows:

"The said Dispensary Board shall have power to employ attorneys, agents and detectives to assist in the detection and prosecution of persons, firms or corporations violating this act, and for other purposes, may employ chemists or other competent persons to test liquors, may borrow money, and shall have power to do all other proper things not contrary to law to carry out the true intent of this act;" and that part of sec. 5 necessary to the discussion of this part of the case is in the following words:    "For the purpose of procuring the necessary funds for the establishment of said dispensary, the Board of Aldermen of the city of Greensboro shall appropriate such an amount, not exceeding $2,000, as may be demanded by said Dispensary Board, and said amount shall be repaid out of the profits arising from said dispensary; provided said Dispensary Board may establish said dispensary without receiving said appropriation."

The contention of plaintiff's counsel that the powers conferred upon the Commissioners of Greensboro in that part of sec. 5 of the act quoted above are repugnant to sec. 7 of Art. VII of the Constitution must be sustained.    The

11——126

right to question the power of the General Assembly to confer upon municipal bodies the power to incur reasonable expense in regulating the sale of liquors by others can not be questioned; but to authorize municipal authorities to raise money by taxation, or by loan, or by pledging credit, for the purpose of aiding others in the sale of liquors, or to be used by the bodies themselves for that purpose, without a vote of the people, clearly can not be exercised, because such money and the purposes for which it is to be used can not be called necessary expenses of the municipal bodies. County and municipal authorities, under the express sanction of the General Assembly, can reasonably regulate and control the sale of liquors, and in so doing can incur a reasonable expense. But the Constitution, Art. VII, sec. 7, forbids the municipal authorities investing money raised or to be raised by taxation, or using the credit of such municipality, for the benefit of others or of themselves in such traffic, for the reason above stated, unless by a majority vote of the people. Such expenditures are not necessary expenses of the municipalities. But it does not follow, as argued by plaintiff's counsel, that, because that part of the act which authorizes the Commissioners to lend the Board $2,000, with which to establish the dispensary (and which authority we have seen is unconstitutional) therefore the whole act is void. The contrary opinion was held in *Bennett v. Commissioners,* 125 N. C., 468. There, the act prescribed that the Town Commissioners of Bryson City should appropriate one-third, and the Commissioners of Swain County two-thirds, of the funds necessary to establish and keep in operation the dispensary created in that town. The County and Town Commissioners declined to make the appropriation, and when, notwithstanding the dispensary officers tendered their bonds to the Commissioners and they were

refused consideration, this Court in mandamus proceedings compelled the Commissioners to consider and pass upon the bonds, this Court said: "The validity of the act was made in nowise dependent upon its acceptance by the County and Town Commissioners. They were simply directed by the act to make certain appropriations to aid in the establishment of the dispensary. That was a purely incidental requirement and, if unconstitutional as defendants claim, it would not impair the constitutionality of the rest of the act; for an act may be constitutional in part and unconstitutional in part." In that case, as in this, the Dispensary Board did not ask that the appropriation be made, but expressly waived all claim to it.

If the Dispensary Boards in such cases are able, through their own means or through gifts from others, to proceed and carry out the purposes of the General Assembly, and without receiving the appropriation of money from the municipal authorities as provided for in the acts, there is no reason why they should not do so, for, as we have seen, there can be no objection on the score of fostering monopolies, as the whole community shares in the profits of the monopoly.

But the plaintiff's counsel insisted strenuously that the Dispensary Board in this case were not exercising any agency from the State, but were the agents of the city of Greensboro, and as the city could not engage in the liquor traffic through its Board of Aldermen, neither could it through any appointed agency. The argument was that the whole act, if it had any force, was merely an amendment to the charter of Greensboro, and that under that amendment the city had undertaken not to regulate and control, but to carry on the sale of liquors in a manner forbidden by the charter, and that under the amendment the Board of Aldermen had elected and

named the members of the Dispensary Board, and by the act were authorized and empowered to receive the bonds of the treasurer and manager.

We can not concur in the view that the act was simply an amendment to the charter of Greensboro, and that it extended the territory in which liquors were forbidden to be sold beyond the boundaries of the city limits, adds no strength to the argument by the plaintiff. In *Guy v. Commissioners, supra,* it is true the members of the Dispensary Board were not named in the legislative act, but certainly the General Assembly was not compelled to name them. It could take that course, or it could confer the power upon the municipality to name such agencies as the members of the Dispensary Board. In the appointment of such agencies the State can act directly, or it can act indirectly by conferring upon others the power to appoint in its name and on its behalf. In *Guy v. Commissioners* the bonds of the dispensary officers were filed with the authorities of the county of Cumberland. The city of Greensboro has no control over the Dispensary Board. In vacancies occurring by the expiration of the terms of members of the Board, it is directed that the Board of Aldermen shall fill such vacancies. But they can not make removals, that duty in proper cases being left with the resident Judge of the district.

We are of the opinion therefore that there was no error in the ruling of his Honor in dissolving and dismissing the restraining order which had been granted against the defendants, the members of the Dispensary Board.

No error.

## DEFENDANT'S APPEAL.

MONTGOMERY, J.    For the reasons set out in the plaintiff's appeal and because of the matters set out in the last paragraph of the answer of the city of Greensboro, we think that his Honor committed no error in continuing the restraining order against the city to the hearing, and enjoining it from opening a dispensary in the city of Greensboro and from contracting debts, pledging its faith, loaning its credit, or levying any tax for the use and benefit of any person or corporation in the establishing and operating such a dispensary.

The city of Greensboro in its answer, it is true, declared that it never had any intention of advancing any money to the Dispensary Board for the purposes of the act, and expressly disclaimed any intention to do so; but in the last paragraph of the answer referred to, the city claimed the right to make the appropriation, and it might be that in the future, under other conditions, it would choose to exercise that right.    That, his Honor saw, and took the wise precaution to prevent it.

No error.