## STATE v. KNOTTS.

(Filed September 16, 1902.)

INTOXICATING LIQUORS—*Acts 1897, Chap. 411, Sec. 1.*

    Acts 1897, Chap. 411, Sec. 1, making it unlawful to sell intoxicating liquors within certain distances of certain places, prohibits sales within one mile of such places, though in an adjoining county.

INDICTMENT against T. G. Knotts, heard by Judge *Francis D. Winston* and a jury, at November Term, 1901, of the Superior Court of HALIFAX County. From a verdict of guilty and judgment thereon, the defendant appealed.

    *Robert D. Gilmer,* Attorney General, for the State.
    *Day & Bell,* and *J. C. L. Harris,* for the defendant.

CLARK, J. The defendant was convicted of selling vinous liquors within one mile of Littleton Female College. The evidence showed that the defendant sold a quart of wine in Halifax County within one mile of said college, which is located in Warren County. The defendant asked the Court to charge the jury that the act only applied to Warren, and not to Halifax, and if they believed the evidence, to find the defendant not guilty. This instruction was properly refused.

The statute in question (Laws 1897, Ch. 411) following the customary form in such statutes, gives a list of counties, followed by the names of places in each county and the distance from each place within which it is prohibited to sell spirituous or vinous liquors, and is as follows:

"SECTION 1. It shall be unlawful for any person to manufacture, sell or otherwise dispose of, with a view to remuneration, any spirituous, vinous, malt or other intoxicating liquor

within certain distances of certain *places,* as follows: *Alamance County:* Within two miles of the Big Falls Christian Church. *Burke County:* Hartland Chapel, within one-half mile. *Warren County:* Within one mile of Littleton Female College: *Provided,* That this act shall not conflict with the Littleton Dispensary Act."

The legislative power to pass such statutes has always been sustained. *State v. Barringer,* 110 N. C., 525. It is clear from the express language of the statute that it was intended to prohibit the sale of the kinds of liquor designated within the specified distances of the places named, and the use of the names of the counties was merely to identify the several localities, and not for the purpose of restricting the distances to territory within the county named. *State v. Snow,* 117 N. C., 774. The town of Littleton is in Halifax and partly in Warren. Littleton Female College lies partly in Warren County, almost on the county line, and it would have been no protection to have restricted the sale of liquor to the Warren side. The language of the prohibition is, "Within one mile of Littleton Female College," and the defendant has sold wine within that limit.

There was not at that time (nor has there been since) any "Littleton Dispensary Act," so the language of the proviso fails. There was a dispensary act passed for Warren County in 1899, but we need not consider that act, for (if it could have any application) by its terms it applies only to the territory in Warren County. Nor does the standing provision in our Revenue Acts, that there shall be no tax on the sale of wine by any one "selling wines of his own manufacture at the place of manufacture," apply, for it is each time provided, "nothing in *this section*" shall prohibit such sale, and such exemption from taxation does not repeal the prohibition of sale in any territory for which prohibition has been enacted. Besides, the Revenue Act has always contained a

provision empowering the county commissioners to issue license "except in territory where the sale of liquor is prohibited by law." Laws 1901, page 142, lines 20 and 21; *State v. Witter,* 107 N. C., 792.

The other exceptions need no discussion, and indeed were not pressed in this Court.

No Error.