## GEORGE MOWERY v. TOWN OF SALISBURY.

*Town tax on Dogs.*

The statute empowering town authorities to require the payment of a tax on dogs is constitutional. It is not an *ad valorem* but a specific tax for the privilege of keeping a dog within the town, and if not paid by the owner, the dog may be treated as a nuisance and killed.

(*Dodson* v. *Mock*, 4 Dev. & Bat., 146; *Perry* v. *Phipps*, 10 Ired., 259; *State* v. *Holder*, 81 N. C., 527, cited and approved.)

CIVIL ACTION for Damages commenced before a justice of the peace and tried on appeal at Fall Term, 1879, of ROWAN Superior Court, before *Gilmer, J.*

An ordinance of defendant corporation imposed a tax of one dollar upon all dogs running at large on the streets, and required the owners to put collars and badges on their dogs as evidence of the payment of the tax. The plaintiff's dog was found running at large without a badge and was shot and killed by an officer of the town in pursuance of the requirements of the ordinance. And thereupon the plaintiff brought this suit against the town commissioners to recover damages. The court being of opinion that the action of defendant in killing the dog was warranted by the charter and ordinances of the town, gave judgment accordingly and the plaintiff appealed.

*Mr. Kerr Craige*, for plaintiff.
*Mr. J. M. McCorkle*, for defendant.

SMITH, C. J. The act incorporating "the commissioners of the town of Salisbury" confers upon the commissioners in express terms authority "to regulate the manner in which dogs may be kept in said town." In the exercise of this power the following ordinance was passed:

"The chief of police shall have badges prepared which must be placed upon the collars of all dogs running upon the streets: the owners of dogs shall register the same with the clerk, and upon the payment to the clerk of one dollar for each dog, and two dollars for each bitch, shall be furnished with a properly numbered badge ; and after the 15th day of July of each and every year, all dogs or bitches found running at large in the streets without the proper badge shall be killed."

The plaintiff's dog was found running at large in violation of the ordinance and was shot and killed. The only

point presented in the appeal and argued before us is the validity of the ordinance.

Property in dogs is recognized by the law and protected against wanton and needless injury, and a civil action for damages may be maintained by the owner. *Dodson* v. *Mock*, 4 Dev. & Bat., 146; *Perry* v. *Phipps*, 10 Ired., 259. Yet they are not the subject of larceny. *State* v. *Holder*, 81 N. C., 527.

They may become nuisances in cities and populous towns if permitted without restraint to roam about the streets, and dangerous even during the summer months when *rabies* prevails. Accordingly, by a general law for the government of towns, it is enacted that " if any person residing in town shall have therein any dog and shall not return it for taxation, and shall fail to pay the tax according to law, the commissioners, at their option, may fine the person so failing double the tax, or may treat such dog as a *nuisance* and order his destruction." Bat. Rev., ch. 111, § 27. Again, as indicating a public policy in regard to this class of domestic animals, it is made the duty of any owner of a dog which he knows or has reason to believe has been bitten by a mad dog, or of a sheep-killing dog on proof thereof before a justice and notice to such owner, to kill him immediately; and a refusal or failure subjects the offender to penal action and indictment. Bat. Rev., ch. 38, and the amendatory act of 1874–'75, ch. 108.

The plaintiff's contention is that as dogs are property, the power of this municipal body is limited by the constitution to the imposition of an *ad valorem* tax, and that for its non-payment the destruction of the animal is not an authorized remedy. It is difficult to apply the rule to animals that have no standard value and are not the subject of sale and traffic in order to put upon them a share of the public burdens. But the sum required to be paid by the owner is not an *ad valorem* but a specific tax for the privilege of keeping the dog within the town with the annexed penalty if he is

found running at large without the required badge, the evidence of its payment and of the ownership of the dog. But the very question has been elaborately considered and discussed in a recent case before the supreme court of Massachusetts, *Blair* v. *Ferchand*, 100 Mass., 136, and the principle upon which life may be taken fully indicated. We reproduce some extracts from the opinion of GRAY, J., who after referring to successive statutes on the subject, says : " These statutes have been administered by the courts according to the fair construction of their terms and *without a doubt of their constitutionality.*" Again speaking of an enactment very similar to the ordinance which required the owner of a dog to put a collar about its neck, to be constantly worn with the name and residence of the owner marked thereon, and authorized any person to kill a dog without such collar when it had been decided that no action would lie for such killing, he adds: "Similar statutes have been held in other states to be reasonable and constitutional regulations of police." *Hurd* v. *Chesley*, 55 N. H., 21.

We concur in the view of that court that such provisions of law do not invade private rights nor disregard constitutional guaranties, but in populous communities may be and often are necessary precautions against what in their absence would become a public grievance. The court properly ruled that the action could not be sustained. There is no error and the judgment is affirmed.

No error.	Affirmed.