### STATE v. JAMES TWEEDY.

*Indictment for Killing Live Stock—Hogs Running at Large—Injury to Personal Property—Cruelty to Animals—Indictment, Sufficiency of—Town Ordinance.*

1. It is competent for an incorporated town to enact an ordinance that no hog shall run at large within the town limits, and to prescribe a penalty for its violation, whether the owner lives within or outside the corporate limits.

2. One who kills a hog running at large in a town in violation of an ordinance prohibiting hogs from running at large therein, although the owner lives outside the corporate limits, is not indictable under *The Code,* § 1002, which applies only to the injury or killing of live stock "lawfully running at large."

3. An indictment for killing a hog running at large in a town in violation of a town ordinance prohibiting the running at large of hogs therein, which charges that the killing was done "unlawfully and on purpose," cannot be sustained under section 1082 of *The Code,* where there is neither an allegation nor finding that the injury was "wilfully and unlawfully" done; nor, for the same reason, can it be sustained under section 2482.

Indictment for killing live stock, tried before *Bynum, J.,* and a jury, at March Term, 1894, of MARTIN Superior Court.

A special verdict was rendered, setting forth, in substance, that Jamesville, Martin County, is an incorporated town, and that an ordinance had been adopted and was in force at the time of the killing of the hog hereinafter mentioned, as follows:

"Hogs shall not run at large within the town limits. Any hog or hogs found running at large on the streets of the town shall, after three days' notice to the owner of such hog or hogs, be taken up by the town constable, and the owner shall then pay a fine of 25 cents for each hog so taken up, and all costs; and on failure to redeem any hog so taken up, the constable shall then and there advertise and sell, according to law";

that there was no law of the State requiring stock to be fenced up, or prohibiting hogs from running at large in the territory in which the town of Jamesville is located, and that the town of Jamesville had not fenced its limits. That John Gaster, owner of the hog killed by the defendant when it was running at large in the streets of Jamesville, lived seventy-five yards outside the corporate limits of the town.

Upon this special verdict, his Honor was of the opinion that the defendant was guilty, and the jury so found, and from the judgment thereon the defendant appealed.

*The Attorney General* and *W. J. Peele,* for the State.
*Mr. James E. Moore,* for defendant (appellant).

CLARK, J.: It was competent for the town to enact the ordinance that no hogs should run at large within the town limits, and to prescribe a penalty for violation of such ordinance, and it would make no difference if the owner of the hog should live outside of such limits. *Rose* v. *Hardie,* 98 N. C., 44; *Hellen* v. *Noe,* 25 N. C., 493; *Whitfield* v. *Longest,* 28 N. C., 268. Penal statutes must be strictly construed. *The Code,* sec. 1002, applies only to the injury or killing of live stock "lawfully running at large." This hog was unlawfully running at large contrary to a valid town ordinance, according to the special verdict. The defendant could not, therefore, have been found guilty under *The Code,* sec. 1002, as held by his Honor. Besides, the indictment fails to charge the material allegation that the live stock was "lawfully" running at large, and judgment might have been arrested in this Court for insufficiency of the indictment. Rule 27 of this Court; *Whitehurst* v. *Pettipher,* 105 N. C., 40. Nor could the indictment be sustained under *The Code,* sec. 1082, "Injury to Personal Property," as there is neither allegation nor finding that the injury was "wilfully and wantonly" done. The words "unlawfully and on purpose" will

115—45

not supply their place. *State* v. *Morgan*, 98 N. C., 641. The indictment is equally insufficient under *The Code*, sec. 2482, " Cruelty to Animals." Upon the special verdict the defenant should have been adjudged not guilty.          Reversed.