It is admitted that the defendant was the acting chief of police of Wilkesboro, an incorporated town, which had an ordinance against animals running at large.
The State introduces the following witnesses: *Page 541 
J. J. Bently testified that the horse injured ran from the lot into the street, and started down the street; that the defendant ran into the street and picked up a rock weighing about five pounds, and that as the horse turned to run on the sidewalk, to pass the defendant, he threw the rock, struck the horse between the ears and knocked him down; that he fell as he started to the sidewalk, then got up and ran off; that it was court week and many people were on the street.
There was other evidence to the same effect.
The defendant testified that he was chief of police; that the horse got loose in town and was running wild, that it was court week and many people on the street; that he went up the street; that he saw the horse runningviolently down the street; that he picked up a board in one hand and a rock in the other; he attempted to head the horse, when he started to the sidewalk to pass him that he threw the rock, struck the horse on his head; he got up and turned back and ran off; that there were many people on the street and he thought he had a right to stop the horse; that he had no feeling against the horse or its owner; that he told owner afterwards that the horse's mouth was bleeding and needed attention, and offered to care for him; that he told the owner he would have killed the horse to stop him, as he thought he had a right to do, to keep him from running down the street.
Upon this testimony the judge charged the jury that the defendant was guilty and directed them to so return their verdict. There was a verdict accordingly, and from the judgment thereon defendant appealed, assigning as error his Honor's charge to the jury. (864)
The defendant is indicted for cruelty to animals. Code, 2482. Upon the evidence his Honor directed a verdict of guilty to be entered. This was error. The defendant, being a policeman, is presumed to have acted in good faith, and until this presumption is overcome by proof of a "willful" purpose to injure the horse, he stands excused. It was the province of the jury to hear and determine the question and return their verdict according to their conclusion, with proper instructions from the Court. S. v. Pugh,101 N.C. 737; S. v. Tweedy, 115 N.C. 704.
NEW TRIAL. *Page 542