JONES v. DUNCAN.

(October 30, 1900.)

*Constitutional Law—Ordinances—Live Stock—Discrimination—Cities and Towns.*

It is not unconstitutional for the legislature to prescribe that resident owners of stock found running at large in a town shall pay a higher penalty than non-residents.

CIVIL ACTION by W. J. Jones against W. H. Duncan, heard by Judge *Frederick Moore,* upon an agreed state of facts, at Fall Term, 1899, of HARNETT Superior Court. From judgment for defendant, the plaintiff appealed.

*F. P. Jones,* for plaintiff.
*Simmons, Pou & Ward,* for defendant.

FAIRCLOTH, C. J.   This is claim and delivery by the plaintiff to recover his hogs, which were seized and impounded by the defendant, marshal of the town of Dunn, in Harnett County.   The hogs had strayed into the streets of said town. The town was incorporated under Private Laws 1889, c. 191, and amendments thereto.   The Board of Town Commissioners declared by an ordinance that hogs, etc., running at large in the town, were nuisances, and imposed a fine on the owners who should wilfully permit any such animals at large within the town, providing that owners of stock without the limits of the town, and within one mile thereof, should pay a smaller penalty than those within, and those more than one mile distant from the corporate limits would not be charged anything for the first three times.   The only question presented, or so intended, is whether the said Commissioners had authority to enact the ordinance, or whether it is void.   This question has been heretofore considered and settled.   In

*State v. Tweedy,* 115 N. C., 704, it was held, upon previous decisions, that it was competent for the town to pass such an ordinance, and to prescribe a penalty for its violation, whether the owner of the stock should live inside or outside of the corporate limits. In *Broadfoot v. Town of Fayetteville,* 121 N. C., 418, it was held that the Legislature could discriminate, on this subject, between resident and non-resident owners of stock, as such discrimination is not forbidden by the Constitution of the State, or of the United States.

Affirmed.