F. B. NEWELL ET AL. v. ELLIS GREEN, GAME WARDEN.

(Filed 22 September, 1915.)

1. **Taxation — Counties — Dog Tax — Licenses—Police Regulation—Constitutional Law.**

A statute imposing a specified tax upon all persons owning or keeping a dog within a certain county is for the privilege of keeping the dog therein, and comes under the police regulations of the county. It is therefore constitutional and valid, and will not be restrained.

2. **Same—Uniformity.**

The constitutionality of a legislative enactment uniformly imposing a tax upon persons owning or keeping dogs within a certain county is not affected by the fact that the act does not apply to all counties of the State.

3. **Taxation—Distribution of Proceeds—Legislative Discretion—Constitutional Law.**

The distribution of the proceeds derived from the imposition of a tax is a matter within the discretion and judgment of the Legislature, and will not affect the constitutionality of the act.

APPEAL by plaintiff from *Ferguson, J.,* at chambers, 26 May, 1915, refusing to continue in force a restraining order.

*Thomas M. Pittman for plaintiffs.*
*Tasker Polk and T. T. Hicks for defendant.*

CLARK, C. J.   This was a restraining order against the enforcement of chapter 90, Public-Local Laws 1915, entitled "An act taxing dogs in Warren County." The restraining order was dissolved and motion for injunction refused.   Section 1 of the act provides: "That any person or persons owning or keeping or having a dog, claimed or owned by a minor or any other member of the family, must pay annually on each dog so kept a license tax or privilege tax of two dollars for each male dog and three dollars for each female dog."

The plaintiffs contend that the act is unconstitutional and void. The identical question was presented in *Mowery v. Salisbury,* 82 N. C., 175, when the Court, *Smith, C. J.,* delivering the opinion, held: "A statute empowering town authorities to require the payment of a tax on dogs is constitutional.   It is not an *ad valorem,* but a specific tax, for the privilege of keeping a dog within the town, and if not paid by the owner, the dog may be treated as a nuisance and killed." *Mowery v. Salisbury* has been cited with approval, *Daniels v. Homer,* 139 N. C., 223; *S. v. Smith,* 156 N. C., 630.

We think the statute may be upheld upon the further ground that it is a police regulation.   The evident purpose of the tax is to get rid of the worthless dogs which are likely to be a nuisance, killing sheep or otherwise, and to preserve those valuable enough for the owners to pay tax for and look after them.   The owners will thus draw the line for themselves.   Failure to list is made a misdemeanor.

In neither aspect is it necessary that the statute should apply to the whole State.   In very many instances public-local acts "making that an offense in one district which is not so in another have been held a constitutional exercise of the police power, if the act bears alike on all persons within a defined locality, and within the discretion of the Legislature." *Broadfoot v. Fayetteville,* 121 N. C., 418, as to stock running at large, which cited as instances, local prohibition acts, *S. v. Joyner,* 81 N. C., 354; *S. v. Stovall,* 103 N. C., 416; *S. v. Barringer,* 110 N. C., 525; *S. v. Snow,* 117 N. C., 774; or restricting the sale of seed cotton in certain localities, *S. v. Moore,* 104 N. C., 714.

The same principle has been applied in many other cases: as to methods of working public roads, *Tate v. Comrs.,* 122 N. C., 814; local dispensaries for handling liquor, *Guy v. Comrs.,* 122 N. C., 471; fence laws, *S. v. Snow,* 117 N. C., 774; *Cain v. Comrs.,* 86 N. C., 8; local prohibition of cattle running at large, *Broadfoot v. Fayetteville,* 121 N. C., 418; local differences as to methods of electing town and city commissioners, *Harris v. Wright,* 121 N. C., 172; in the method of electing county commissioners, *Lyon v. Comrs.,* 120 N. C., 237; local provisions as to public schools, *McCormac v. Comrs.,* 90 N. C., 441; and other matters, *S. v. Sharp,* 125 N. C., 633; *Intendent v. Sorrell,* 46 N. C., 49; local acts as to gunning and fishing, *S. v. Gallop,* 126 N. C., 984;

*Daniels v. Homer,* 139 N. C., 219; *Jones v. Duncan,* 127 N. C., 118, and the acts fixing different seasons in different counties in which it is illegal to hunt. These matters are regulated according to the wishes and needs of different localities, and can be changed from time to time, giving a desirable flexibility of local self-government by legislative enactment. See summary *S. v. Blake,* 157 N. C., 610.

The plaintiffs further contend that the act is invalid because of the apportionment made by the act of the proceeds after the deduction of expenses. But that is a matter in the discretion and judgment of the Legislature. Even if the apportionment were invalid, that would not render the act invalid, or entitle the plaintiffs to a restraining order against payment of the tax. It would only affect the method of distribution. Even if this were a property tax and not a privilege tax or an exercise of the police power, the provision of the Constitution requiring uniformity applies to the levy of taxes and not to the distribution of the revenue derived therefrom. If this were not so, the courts have no machinery, or means, of correcting the legislative method of distribution when the tax itself, as we have held, is valid. This is fully discussed in *Holton v. Comrs.,* 93 N. C., 436, reviewed and approved in *Brown v. Comrs.,* 100 N. C., 98; *Tate v. Comrs.,* 122 N. C., 813.

The passage of the act was within the legislative power of the State. If, as counsel for the plaintiffs contends—to which counsel for the defendant earnestly dissent—this statute does not meet with the approval of the good people of the good county of Warren, that is a matter of fact for them to settle for themselves in electing members to the House and Senate to represent their interests and wishes in the General Assembly, and not a matter of law for the courts.

There seems to be a very widespread demand for a dog tax, as evidenced by the fact that the legislatures of 1909, 1911, 1913, and 1915 have authorized a dog tax in 36 counties, beginning with Wake County in 1909. The counties in which the dog tax is provided for are as follows: Alamance, Ashe, Avery, Camden, Caswell, Catawba, Chatham, Cleveland, Currituck, Durham, Forsyth, Gates, Gaston, Granville, Guilford, Halifax, Harnett, Haywood, Hoke, Mecklenburg, Mitchell (in Grassy Creek Township), Moore, Orange, Pamlico, Person, Pitt, Randolph, Richmond, Rockingham, Rowan, Rutherford, Union, Wake, Warren, Watauga and Wayne. And there are doubtless taxes upon dogs authorized in many towns and cities outside of the above counties. We are indebted for this information to Mr. W. S. Wilson, librarian of the newly established Legislative Reference Library.

Affirmed.