J. M. ARCHER ET AL. V. W. H. JOYNER ET AL.

(Filed 7 March, 1917.)

1. Statutes—Stock Law—Assessments—Necessaries—Fences—Constitutional Law.

A statute which creates stock law territory for certain townships of a county, and authorizes the county commissioners to make assessment for erection of fences on the township lines, without submitting the question of assessments to the approval of the voters, is void as to the assessment, Constitution, Art. VIII, Sec. 7, such not being for a necessary expense; and it is also unconstitutional upon a further ground, when it permits assessments to be made for the building the fences, etc., upon real and personal property not within the territory prescribed, and receiving no benefit from the erection thereof. *Harper v. Comrs.*, 133 N. C., 106, cited and applied.

2 Statutes—Stock Law—Independent Provisions—Constitutional Law.

Where there are distinct and valid provisions of a statute for creating stock-law territory in certain townships of a county, with unconstitutional provisions for assessments to be made for the erection of fences on its lines, the valid provisions may be enforced, the two portions of the law being separate and it appearing from a perusal of the statute that the Legislature intended the valid portion to be effective independently of the invalid part.

3. Injunction—Statutes—Stock Law—Bills of Peace—Equity.

Where citizens and residents of a township are about to enforce the provisions of a stock-law statute alleged to be unconstitutional in its controlling provisions, as to whether, in proper cases, residents of adjoining townships, liable to injury, can maintain an action in the nature of a bill of peace, and procure an injunction for their protection, *quære.*

CIVIL ACTION, from NORTHAMPTON, heard, on return to preliminary restraining order, before *Cooke, J.,* holding courts of the Third Judicial District, on 16 November, 1916.

There was judgment dissolving the restraining order and dismissing the action as to plaintiff's right to recover, and plaintiffs excepted and appealed.

*Peebles & Harris for plaintiff.*
*W. E. Daniel and Gay & Midyette for defendant.*

HOKE, J. On the hearing it appeared, among other things, that the State Legislature of 1915 passed an act putting seven townships in Northampton County under the stock law, the same being chapter 448, Public Laws 1915, and designated by common consent as the "Mason law," after the distinguished author of the bill, then a representative

of said county. By a subsequent act, chapter 768, Public-Local Laws 1915, the township of Roanoke was withdrawn from the provisions of the first statute. The act declares that the townships included shall be under the provisions of the stock law as therein contained, on and after 1 January, 1916; makes minute provision for the impounding of stock that trespasses on lands situate in the townships, etc.; further, that the county commissioners are authorized and empowered, whenever they "shall deem it necessary to do so, to erect such fences as the board may deem sufficient between the township lines named and adjacent townships," and to defray the expense of same; shall levy and collect an assessment, not to exceed 10 cents on the $100 valuation of the property returned for taxation in said county. Provision is also made that any one or more citizens in said townships named or in those adjacent thereto may construct, at their own expense, a line fence, erect gates, etc., when it may be considered necessary for their proper protection, and authority is conferred to condemn land 20 feet in width, on which to place the fence, the damages therefor to be assessed by a justice of the peace and two disinterested freeholders, etc.

The present action is prosecuted by citizens and residents of the adjacent townships against the defendants, certain citizens and residents of the stock-law territory, to restrain the latter from putting in force and carrying out the provisions of the Mason act and of impounding plaintiff's stock thereunder, on the ground, chiefly, that the Mason act should be declared unconstitutional for the reason that the tax provided for, not being for a necessary expense, cannot be imposed without a vote of the people, pursuant to Article VII, sec. 7, of the Constitution.

The county commissioners are not made parties defendant, and it appears, further, that there is no present purpose to build the fence or lay the tax referred to in the statute, and it may be that this action could, in no event, be maintained because the probability of injury is too uncertain and remote to warrant the exercise of the injunctive powers of the court, but if it be conceded that the action lies as one in the nature of a bill of peace to prevent multiplicity of suits, a course sometimes permissible when the action is in the assertion of rights common to all the parties and dependent upon exactly similar facts and the same principles of law, 10 R. C. L., pp. 282, 283, we are of opinion that the present action must fail because the statute in question, in establishing the stock law and in the features which threaten the apprehended injury, is a valid statute, and defendants are in the exercise of their lawful rights in acting under it in the matters complained of. It is true that the provision in the statute for an imposition of a 10 per cent assessment cannot be upheld; not as a tax, because the fence

not being a necessary expense, it must first receive the approval of the popular vote, which it has not had, *Keith v. Lockhart,* 171 N .C., 451; *Faison v. Comrs.,* 171 N. C., 411; not as an assessment, because it is imposed on both real and personal property, and, as to a portion of it, in territory to receive no benefits from the erection of the fence, *Harper v. Comrs.,* 133 N. C., 106.

It is true, also, that when a part of a statute is unconstitutional and the valid and invalid provisions of the law are "so interpendent one upon the other that it cannot be supposed that the General Assembly would have enacted the law with the invalid features eliminated," in such case the entire law will be avoided. *Keith v. Lockhart, supra;* *Harper v. Comrs.,* 133 N. C., 113. But we are of opinion that these recognized principles do not uphold plaintiff's position in the present case where it appears that the two portions of the law are separate and distinct and it is perfectly clear, from a perusal of the statute, that the Legislature intended the valid portion to be effective, "whether the other was upheld or not." Recurring to the statute, as heretofore stated, there is definite, positive provision that in the six townships named the stock law shall prevail on and after 1 January, 1916. The question of whether such a statute or policy should be put in force, with or without a fence, is entirely for the Legislature. *Jones v. Duncan,* 127 N. C., 118; *Aydlett v. Elizabeth City,* 121 N. C., 4; *S. v. Tweedy,* 115 N. C., 704. That body has not made the existence of the legislation dependent, in express terms, on the building of the fence, the case presented in *Keith v. Lockhart.* They have not made the building of the fence mandatory on the commissioners, in which case the invalid provision might be held to affect the entire statute, as in *Harper v. Comrs.,* but the enactment is that the law shall be in force on and after the specified date, with power in the commissioners entirely discretionary to build the fence or not, and with permission, also, that the adjacent landowners may build at their own expense if they see proper, and it is the evident purpose of the General Assembly that, as to the establishment of the stock law, the statute shall, in any event, prevail, and this being within its power, the will of the Legislature must be enforced.

There is no error, and the judgment of the Court is

Affirmed.