CITY OF GASTONIA v. S. G. CLONINGER, GRAY MANUFACTURING COMPANY, AND W. C. ADAMS.

(Filed 21 May, 1924.)

1. **Municipal Corporations—Cities and Towns—Streets—Incorporation— Highways—Statutes.**

Upon the incorporation of a town, the public highways theretofore therein existing come within the municipal control as a governmental subdivision, enlarged to meet the broader usages thereof, as streets, and the authority of other governmental agencies is excluded; and the act of 1903, including all incorporated towns in Gaston County under the provisions of the act of 1895 for the better working of the public roads and highways of the county, is in conformity with this principle.

**2. Same—Abutting Owners on Streets Improved—Assessments—Taxation—Peculiar Benefits—Government.**

Statutes prescribing the methods of improving the streets of an incorporated city or town, regulating assessments against abutting property on the streets improved and particularly benefited, comes within the right of taxation vested in the Legislature, exercised thereunder by counties, cities and towns as governmental agencies of the State.

**3. Same—Constitutional Law—Uniformity of Taxation.**

It is. required by the Constitution, Art. V., sec. 33, that property shall be taxed by a uniform rule; and by Art. VII, sec. 9, that all taxes levied by any county, city or town, etc., shall be uniform and *ad valorem* upon all property in the same, except property exempt by the Constitution; and while assessments on lands abutting on streets improved are not required to be uniform with 'all other subjects of taxation, in view of the particular benefits, such must be uniform as to all property owners within that class to meet the constitutional requirements.

**4. Same—Contribution by County to Streets Improved—Deductions.**

Where a county has, upon previous agreement with a city or incorporated town, paid a proportionate part of the cost of paving a certain street within the city, and the city has paid the balance, each, respectively, out of its general funds, the owners of land abutting on this street cannot maintain the position that from the assessment of their land abutting on the street improved there should proportionately be deducted the amount paid by the county, the same being contrary to the constitutional requirement for the uniformity of taxation in the same class or subject-matter. Constitution, Art. V, sec. 33; Art. VII, sec. 9.

APPEAL by plaintiff from *Stack, J.,* at January Term, 1924, of GASTON.

*P. W. Garland for plaintiff.*
*A. G. Mangum and George W. Wilson for defendants.*

ADAMS, J.   The defendants and other property owners residing on West Franklin Avenue in the city of Gastonia presented a petition to the city council praying that the avenue be laid with an asphalt pavement between Linwood Street and the western corporate boundary, and agreed to pay one-half the total cost of the improvement, not including the cost incurred at street intersections or on the track of the street railway.   The petition was granted, and it was ordered that the owners of abutting property should make all sewer, water, and gas connections on the street, and should pay one-half the total cost of the improvements, with the exceptions heretofore pointed out.   For the purpose of securing uniformity it was resolved that the city should complete the work by contract or by its own forces.   In pursuance of the resolution the city caused to be constructed within the designated limits of the avenue a

sheet asphalt pavement, and assessed one-half the total cost against owners of the abutting property.

The defendants appealed to the Superior Court on the ground that the assessments computed against their property were incorrect. It appeared that the General Assembly at the session of 1899 passed an act for the better working of the public roads and highways of the State, providing therein that it should apply to Gaston County, and an act in 1903, further providing that it should be construed as applying to and including all incorporated towns in the county as well as territory outside the corporate limits. Public Laws 1899, ch. 581; Public Laws 1903, ch. 533. Thereafter the city and the county entered into an agreement or arrangement, not clearly defined, by which the county in the execution of a scheme to extend the public roads through the city agreed to pave a portion of West Franklin Avenue or to contribute a portion of its funds for that purpose. The specific proposition of the county was to pave, or to contribute an amount equal to the cost of paving, a defined strip of the avenue eighteen feet in width; but the city in fact performed the work, laying the pavement the entire width of the street, which was twenty-seven feet or more. There was evidence tending to show that the total cost of the improvement was more than $35,000; that the work done by the city was paid for out of the general city fund, and that the city was thereafter reimbursed out of the county fund to the extent of $7,091.25. The amount thus paid by the county went into the general fund of the city.

The exceptions filed by the defendants to the assessments against their property are based upon the contention that the amount contributed by the county ($7,091.25) should be deducted from the total cost of paving the avenue, and that the defendants are liable only for their proportion of the cost after the deduction is made. At the trial two issues were submitted to the jury, the first involving the question whether the defendants are entitled to have deducted from their assessments one-half the amount which the city received from the county, less the sum appropriated to improving the intersection of streets, and the second involving the amount which the defendants are entitled to have credited on their respective assessments. The jury were instructed if they believed the evidence to answer the first issue "Yes" and the second "The total frontage of petitioners' property is 3,889.61 feet, amounting to 91 1-6 cents per foot." The issues were answered in this way, and his Honor thereupon adjudged that the assessments be revised, that the defendants be credited with certain sums computed on the basis of .934 per front foot, and that the city be enjoined from collecting any amount until the deductions were made. The plaintiff excepted and appealed,

and by agreement of the parties the only question presented is whether the defendants are entitled to the deduction which they claim.

It is said by Elliott in his work on Roads and Streets, sec. 504, that when a city or town is incorporated the public ways therein, that is, ways belonging to the public and not owned by private corporations, in the absence of a statute to the contrary, come within the jurisdiction and control of the municipality. The new corporation comes into existence with the rights, powers and duties of a governmental subdivision, and as to such matters as streets, which peculiarly pertain to municipal corporations, the authority of other governmental corporations is excluded. One reason is that the ways must, of necessity, change character, that the servitude must be much extended, and that the augmented duty must require broader authority than that which is requisite for the care and control of rural roads.

We think it evident that the city's control of its streets was in no way impaired by the act of 1903, *supra,* even if the act be construed as still effective, the purpose of the Legislature no doubt being to provide a uniform system of building roads for the county, subject to the city's exclusive jurisdiction in the improvement of its streets.

In *Gunter v. Sanford,* 186 N. C., 452, we said that the statutes prescribing the method of improving the streets of a municipal corporation and regulating assessments against abutting property must be referred to the right of taxation, which is vested in the Legislature, and that counties, cities and towns are agencies of the State through whom the power is sometimes exercised.

The limitation under which the power of taxation may be exercised is prescribed by the Constitution. Article V, section 3, provides that laws shall be passed taxing property by a uniform rule, and Article VII, section 9, that all taxes levied by any county, city, town or township shall be uniform and *ad valorem* upon all property in the same, except property exempted by this Constitution. See, also, C. S., 2678.

It has been held that the latter section of the Constitution was intended to engraft upon our organic law the principle of equality in taxation, but that a local assessment levied by a city or town need not be uniform and *ad valorem* upon all property. Such assessment is levied for a pecuniary benefit conferred upon land adjacent to the improvement, but here also there should be uniformity and equality of taxation in the sense that the burden imposed upon the property of each citizen should be proportionate to the advantage accruing to the property from such improvement. Therefore, if equality of taxation would be defeated by making the deduction on which the defendants insist, the judgment cannot be sustained. *Cain v. Comrs.,* 86 N. C., 8; *Shuford v. Comrs., ibid.,* 552; *Comrs. v. Comrs.,* 92 N. C., 180; *Busbee v.*

*Comrs.,* 93 N. C., 144; *Raleigh v. Peace,* 110 N. C., 32, 38; *Harper v. Comrs.,* 133 N. C., 106; *Sanderlin v. Luken,* 152 N. C., 739; *Tarboro v. Staton,* 156 N. C., 504; *Justice v. Asheville,* 161 N. C., 62; *Forbes v. Tarboro,* 185 N. C., 59.

The principle of equality will be defeated if the credit demanded by the defendants will result in discrimination against any of the other taxpayers of the city. We are of opinion that the deduction would result in discrimination. The evidence is susceptible of the construction that the entire cost of making the improvement was paid out of the general fund of the city, and the contribution made by the county was applied *pro tanto* to replenishing the city treasury. The general fund, of course, was derived from taxes collected from all the taxpayers of the city.

If, on the other hand, the amount contributed by the county be considered a direct payment for the improvement as if the work had been done by the county, the county fund likewise was derived from taxes collected from the taxpayers of the county, including those residing in or having property in the city. However the payment may be considered the deduction allowed in the judgment would work a discrimination against taxpayers of the city other than the defendants, and would infringe the general principle of equality in taxation.

Section 16 of the act set out in *Gunter v. Sanford, supra,* directed the application of the money paid by the Highway Commission, but as we understand it, this section was merely a legislative declaration of the principle we have referred to; and in *Shute v. Monroe, ante,* 676, the legal right of deduction was not presented for decision.

We think there was error in the directed instruction to the jury.