MIAMI TRANSIT COMPANY, a corporation, *Appellant*, vs. W. S. McLIN as State Motor Vehicle Commissioner of the State of Florida; J. NEWTON LUMMUS, JR., as Assessor of Taxes for the County of Dade and State of Florida, and BOB SIMPSON, County Collector of Taxes for the County of Dade and State of Florida, *Appellees*.

En Banc.

Opinion filed March 24, 1931.

1234

*J. W. Watson, Jr., Lee M. Worley* and *R. B. Gautier,* for Appellant;

*Fred H. Davis,* Atty. Gen., and *H. E. Carter,* Assistant for Appellees.

BUFORD, C.J.—The appellant operates a business of a common carrier for hire, using in its business in the cities of Miami and Hialeah in Dade County, Florida, a number of passenger busses of the capacity of 21 passengers each. The bill is brought against W. S. McLin as Acting Motor

Vehicle Commissioner, to restrain the collection of the license and registration fee assessable against these busses of the capacity of 21 passengers each under the provisions of Section 1285 R. G. S. It is contended that the Act imposing the license and registration fee is regulatory and that the fee is greater than the cost of regulation, such fees would create a surplus and that the Act being a revenue act, it is not enacted in the exercise of police power and for such reason is void.

This contention of the appellant is not tenable. The fees here imposed, like those fees which we had under consideration in the case of Jerome H. Sheip Co. v. Amos, decided October 17, 1930, reported 130 Sou. 699, are imposed under taxing power being exerted both for revenue and regulation. In that case it was said:

"The tax under consideration is not an excise upon the mere right to acquire and possess property. Nor is it an excise upon the only use to which gasoline may be put, nor upon a power indispensable to use or enjoyment, for gasoline is in common use without being stored. Even if the possession of gasoline be regarded as an inherent or natural right, the storage of such a commodity is certainly not such a right as is immune from regulation. There is no inherent right to use dangerous property without restraint. The noxious and highly inflammable character of gasoline, particularly when stored in large quantities, is common knowledge. The State has the power to regulate that species of use of it, as well as the sale of it, by the imposition of an excise either in the exercise of the police power, the taxing power, or both. See Texas Co. vs. Brown, 258 U. S. 466, 42 S. Ct. 375, 66 L. Ed. 721. One lawful method of regulation is by means of an excise for revenue purposes upon the privilege of storing it, which is the tax before us. The taxing power may be exerted for either regulation or

revenue, or for both purposes, Gundling vs. Chicago, 177 U. S. 183, 20 S. Ct. 633, 44 L. Ed. 725. Since property is the sum of all the rights and powers incident to ownership, the imposition of excises upon those powers might conceivably be carried to the point where it would amount to a direct property tax, abnormal differences in degree ultimately resulting in a distinction in kind. See Bromley vs. McCaughn, supra. But this tax is upon only a single one of those rights, the right to store the property. All other rights which collectively constitute ownership, may be enjoyed free of the tax. The tax is therefore well within the category of an indirect tax upon use. Complainants next contend that the tax is void because it is 'unreasonable, confiscatory and in violation of the spirit of the Constitution', both State and Federal.

The province of the judiciary in considering an objection of the nature just stated, as applied to an excise, is limited. In the direct imposition of a State excise upon taxable privileges, the Legislature exercises a power of extensive scope. Organic requirements as to uniformity and valuation, applicable to ad valorem taxes, do not apply to excises, since the latter are not regarded as a 'tax' within the meaning of constitutional limitation requiring uniformity of rates and just valuations. Jackson vs. Neff, 64 Fla. 326, 60 So. 350; Hiers v. Mitchell, 95 Fla. 345, 116 So. 81. In the imposition of excises, the only organic limitations upon the State are that due process, equal protection, and contract rights shall be observed, and that interstate commerce shall not be burdened nor Federal injunctions interfered with. Therefore, there must be a reasonable basis of classification, and there must be geographic, as distinguished from intrinsic, uniformity. Amos v. Matthews (Fla.) 126 So. 308; Amos vs. Gunn, 84 Fla. 285, 94 So. 615; Jackson vs. Neff, supra; Penninsular

Casualty Co. vs. State, 68 Fla. 411, 67 So. 165; Panhandle Oil Co. v. Mississippi, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583. See also, Newell v. Green, 169 N. C. 462, 86 S. E. 291. Unless the classification or the amount of the tax, is purely arbitrary and unreasonable under every conceivable condition in practical affairs, the courts will not interfere.

It is held in the Federal courts that the mere fact that an excise tax imposed for revenue purposes operates to practically suppress the business taxed, does not render an Act of Congress unconstitutional, and that it is not a part of the function of a court to inquire into the reasonableness of the excise, either as respects the amount, or the property upon which it is imposed. McCray vs. U. S. 195 U.S., 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561; Brazee v. Michigan, 241 U. S. 340, 36 S. Ct. 561, 60 L. Ed. 1034, Ann. Cas. 1917C, 522; Armour & Co. v. North Dakota, 240 U. S. 510, 36 S. Ct. 440, 60 L. Ed. 771, Ann. Cas. 1916D, 548; Tanner v. Little, 240 U. S. 369, 36 S. Ct. 379, 60 L. Ed. 691; Rast v. Van Deman 240 U. S. 342, 36 S. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Alaska Co. v. Smith, 255 U. S. 44, 41 S. Ct. 219, 65 L. Ed. 489.

The rule in this State, however, is somewhat more stringent. This court fully recognizes the doctrine, long established, that the judicial department cannot prescribe to the legislative department limitations upon the exercise of its existing powers. That doctrine, however, is consistent with the further doctrine heretofore adopted by this court that, although there is no express limitation upon the power of the Legislature to provide for a tax on licenses, nevertheless the organic requirements of due process and equal protection must be observed in imposing such a tax. See Roach v. Ephren, 82 Fla. 523, 90 So. 609.''

''The rule in this jurisdiction was thus stated in State

ex rel Bonsteel vs. Allen, 83 Fla. 214, 91 So. 104, 105, 26 A.L.R. 735:

'While it is within the power of the Courts to declare laws levying license taxes void because of the unreasonable and arbitrary exercise of the state's power either in the classification or in fixing the amount of the license, such power will not be exercised unless the amount of the license tax is so great, or the classification so palpably arbitrary as to be beyond the necessities for the legislation, or equivalent to an impairment of the constitutional rights of property, or tend to prevent a great number, if not all persons, from pursuing otherwise lawful occupations which do not impair public safety, public health or destroy property.' ''

It is also contended by the appellant that the imposition of this tax or fee results in double taxes. What was said in the case of Jerome H. Sheip Co. vs. Amos., supra, also answers this question contrary to the contention of the appellant.

It is contended that inasmuch as these buses are used exclusively on public streets of the two Cities that the appellant is immune from the requirement sought here to be evaded.

In Carley & Hamilton vs. Snook, 281 U. S. 66, Law Ed. 704, it is said:

"An annual fee exacted by the state for the registration of motor vehicles, the proceeds of which, after deductions for the support of the division of motor vehicles, are devoted to the construction and maintenance of county and state roads, is not violative of the due process clause of the 14th Amendment, and of the State Constitution, as to motor vehicle owners operating principally or exclusively over city streets and paying a city license tax, 75 per cent of which is applied to the maintenance of city streets."

It is further said in that case:

"But we are now concerned only with the use of motor cars in intra-state commerce, and in any case, not the precise name which may be given to the money payment demanded, but its effect upon the persons paying it, is of importance in determining whether the Constitution is infringed. Whatever other descriptive term may be applied to the present registration fees, they are exactions, made in the exercise of the state taxing power, for the privilege of operating specified classes of motor vehicles over public highways, and expended for state purposes. Such fees, if covered into the state treasury and used for public purposes, as are general taxes, obviously would not offend against the due process clause. Nor can we see that they do so the more because the state has designated the particular public purposes for which they may be used. There is nothing in the Federal Constitution which requires a state to apply such fees for the benefit of those who pay them. See Thomas vs. Gay, 169 U.S. 264, 280, 42 L. Ed. 740, 746, 18 Sup. Ct. Rep. 340."

It is further contended that the fees sought to be collected are confiscatory. This contention is likewise answered in the opinion prepared by Mr. Justice Strum for this Court in the case of Jerome H. Sheip Co. vs. Amos, supra. It was there held:

"While this tax may fall oppressively upon certain classes of persons, that circumstance alone does not justify the courts in condemning it. In order to justify the courts in striking down an excise as confiscatory it must be so arbitrary or oppressive as to clearly amount to a denial of due process or of equal protection. To strike down a tax falling within the latter category would not amount to the imposition of judicial limitation upon legislative power, but rather the condemnation of attempted usurpation of a prohibited power. In

testing an excise as against the objection that it is confiscatory, it is not the sole test to merely compare the amount of the tax with the value of the property upon the use of which the taxing power is exerted. While that element may be taken into consideration, it does not furnish the exclusive or controlling test. Where the public health and safety are not involved, the ultimate test is whether or not the tax so imposed upon the privileges is so arbitrary or oppressive as to prohibit a great number, if not all persons, from pursuing occupations otherwise lawful. When, as here, the excise serves also as a regulation in the interest of public health and safety, that fact also enters into consideration."

This court, as well as the courts of other jurisdictions, has come to uniformly hold that a motor vehicle operated over the highways is a dangerous instrumentality. Southern Cotton Oil Co. vs. Anderson, 80 Fla. 441, 86 Sou. 629, and cases there cited; Hendricks vs. Maryland, 235 U.S. 610, 59 L. Ed. 385 and cases there cited. See also Weil vs. Kreutzer, 134 Ky. 563, 12 S. W. 471. The motor vehicle when operated on public highways, being a dangerous instrumentality, the regulation of the use of such vehicles is a proper matter of police power inherent in the State. The appellant has not made it to appear that in the statute complained of the Legislature has exercised this power in such an arbitrary and unreasonable manner as to bring it in conflict with any of the provisions of organic law.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND BROWN, JJ., AND HUTCHISON, Circuit Judge, concur.

DAVIS, J., disqualified.