SHAVER MOTOR COMPANY, INC., ET AL., v. THE CITY OF STATESVILLE.

(Filed 8 April, 1953.)

**1. Highways § 8f—Expense of improving highway within city under facts of this case held expense of Highway Commission.**

Chap. 217, Public Laws of 1941, as amended by Chap. 290, Session Laws of 1947, were repealed 15 March, 1951, by Sec. 4, Chap. 260, Session Laws of 1951, known as the Powell Act, and therefore from and after 15 March, 1951, until 30 June, 1951 (when allocations under the Powell Act became authorized) no unencumbered allotment to the credit of a city or town could be expended legally pursuant to the 1941 statute as amended. An expenditure for the widening and improving of a portion of a State highway within the limits of a municipality, pursuant to an agreement between the Commission and the municipality entered into the latter part of June, 1951, constitutes an expense of the Commission and not of the municipality. G.S. 136-18 (g).

**2. Same—**

Under the provisions of Chap. 217, Public Laws of 1941 as amended, the State Highway and Public Works Commission retained control of funds allotted to municipalities for the maintenance and improvement of State highways within their limits, and such funds at all times were highway and not city funds, and the fact that a municipality lets a contract for such improvements with the approval of the Commission is immaterial upon the question of whether highway or city funds are expended under such contract.

**3. Municipal Corporations § 30—**

A municipality may not levy an assessment against abutting property owners to pay any cost of an expense for widening and improving a street constituting a part of a State highway when the funds expended therefor are highway funds and not municipal funds. The fact that the city lets the contract for such improvements after authorization and approval by the State Highway and Public Works Commission and pays for such improvements out of general funds is immaterial when the city is reimbursed for such expenditure by the Commission.

APPEAL by defendant from *McLean, Special Judge,* December Term, 1952, of IREDELL.

This is a proceeding instituted by the Shaver Motor Company, Inc., and 57 other firms, corporations, and individuals for the purpose of having declared null and void assessments which the defendant has attempted to levy against 88 lots owned by them, which lots abut on Salisbury Road within the corporate limits of the City of Statesville.

In June, 1951, the City of Statesville, hereinafter called the City, and the State Highway and Public Works Commission, hereinafter called the Commission, engaged in negotiations which resulted in agreement on a project whereby the Commission would widen and pave a portion of Salisbury Road, a street which constitutes a part of U. S. Highway No. 70, from the intersection of Salisbury Road with East Front Street to the eastern limits of the City; and the City would construct curb and gutter with adequate drainage along both sides of said street.

On 22 June, 1951, the City submitted to the Commission three bids it had obtained for the construction of the curb and gutter as proposed. Thereafter, on 27 June, 1951, the City was authorized by the Commission to proceed with the project in accordance with the proposal of Gilbert Engineering Company, which concern was the low bidder. At the same time, the City was advised that it would be reimbursed by the Commission for the cost of the work upon its completion and the submission of an invoice covering the cost thereof.

The work was completed at a cost of $27,419.35, and the City paid the contractor therefor out of its general street fund. Invoice covering the cost of the project was furnished to the Commission and the City was reimbursed in full by voucher dated 5 September, 1951.

The City then undertook, in accordance with the provisions of its Charter, to assess one-half the cost, less certain items it deemed should be deducted therefrom, against the 88 lots abutting on the improved portion of the street. The property owners duly protested the action of the City, filed their objections to the assessments and appealed to the Superior Court as provided in the Charter of the City for appeals from such assessments.

When the cause came on for hearing in the Superior Court, all parties being represented by counsel, a trial by jury was waived and it was agreed that his Honor should hear the evidence, find the facts, draw his conclusions of law and enter judgment in accord therewith.

From the facts found, the court held that the procedure followed by the City in making the assessments, and the various notices given in connection therewith, were in accord with the provisions of the Charter of the City, but further held that since the cost of constructing the curb and gutter in question was paid for by the Commission out of funds appropriated by the General Assembly for use in cities and towns, and the City having been reimbursed for all the money it expended on the

project for which the assessments were purported to have been levied, the assessments were made without authority of law and are null and void and of no effect. Judgment was entered accordingly and the defendant appealed therefrom, assigning error.

*Zeb V. Long, Jr., Zeb V. Turlington, and William R. Pope for defendant, appellant.*
*Land, Sowers & Avery for plaintiffs, appellees.*

DENNY, J.  It is apparent from the record and briefs submitted in this Court that the parties and the court in the hearing below were under the impression that Chapter 217 of the Public Laws of 1941, as amended by Chapter 290 of the Session Laws of 1947, codified as G.S. 136-36 through G.S. 136-41, was in full force and effect in June, 1951. As a matter of fact, G.S. 136-36 through G.S. 136-41 were expressly repealed on 15 March, 1951, by Section 4 of Chapter 260 of the Session Laws of 1951, better known as the Powell Act.

The Powell Act, which became effective from and after its ratification on 15 March, 1951, did not purport to authorize the allocation of any funds until from and after 1 July, 1951. And the bill contains its own formula for the allocation of funds appropriated or made available pursuant to its provisions.

The 1949 General Assembly appropriated two and one-half million dollars to the State Highway and Public Works Commission for the biennium ending 30 June, 1951, for the maintenance, repair, improvement, construction, reconstruction or widening of highways and streets in cities and towns. It is well to keep in mind that the appropriation of this sum was made to the Commission and not to the cities and towns. However, it was to be expended in the manner authorized and directed in Chapter 217 of the Public Laws of 1941, as amended by Chapter 290 of the Session Laws of 1947.

The above Act as amended did not authorize the funds allocated or apportioned to the several cities and towns pursuant to its provisions by the Commission to be turned over to the cities and towns to become a part of their general fund for street improvement purposes. The funds were always held under the control of the Commission, and the power of the governing body of each city or town with respect thereto was limited to the duty to recommend for approval of the Commission the use of such funds as were allocated to such city or town. The duty to select the project or projects on which these funds would be expended rested with the Commission. And it was the duty of the Commission to perform the work or see that it was done in accordance with its specifications; to

disburse the funds to cover the cost thereof, and to charge such cost against the funds allocated or apportioned to such city or town.

In determining how the funds should be used, the Commission was directed by Section 3 of Chapter 217 of the Public Laws of 1941, G.S. 136-38, to expend them as follows: "That all of such funds so allocated to cities and towns shall be used first for the maintenance, repair, improvement, construction, reconstruction, or widening of the streets within said cities and towns which form a part of the state highway system until such streets shall be in a condition satisfactory to the State Highway and Public Works Commission and to the governing body of said city or town, after which, if there is any balance of funds remaining in the allotment to any city or town, such balance shall be used for the maintenance, repair, improvement, construction, reconstruction, or widening of streets which form important connecting links to the state highway system or the county highway system or farm to market roads. Should any balance then remain in the allotment to any city or town, such balance shall be used for the maintenance, repair, improvement, construction, reconstruction or widening of any street or streets as may be designated by the governing body of such municipality." And as further evidence that these funds were at all times considered to be highway and not city funds, the above section further provided that if any balance should remain in the allotment to any city or town at the end of a fiscal year, such balance should accrue to the credit of such city or town to be added to its allotment for the ensuing fiscal year.

The Act authorized the Commission in its discretion to contract with the city or town having adequate facilities to do the work of maintaining, repairing, improving, constructing, reconstructing, or widening its streets. Even so, the city, under such contract, had to do the work according to the specifications of the Commission and to account to the Commission quarterly "for the use of the funds in such work."

The Charter of the City of Statesville authorizes it to assess one-fourth of the cost of street improvements against the abutting property, "provided, the city shall, out of its general fund, pay the remainder of said cost and for all street intersections so improved, . . ."

It becomes necessary, therefore, to determine whose funds were used to pay for the curb and gutter project involved in this litigation.

In our opinion, from and after 15 March, 1951, until 30 June, 1951, no unencumbered allotment to the credit of a city or town could be expended legally pursuant to the provisions of Chapter 217 of the Public Laws of 1941, as amended. Therefore, since the curb and gutter project involved in this appeal was not agreed upon by the State Highway and Public Works Commission and the City of Statesville until the early part of June, 1951, unencumbered funds to the credit of the City of Statesville

when the Act was repealed, were not subject to commitment thereafter for the construction of projects pursuant to the provisions of the repealed Act. Consequently, we hold that any construction work in connection with the widening, paving and improving that portion of U. S. Highway No. 70, within the city limits of the City of Statesville, as hereinbefore set out, and for which the Commission provided the funds, necessarily constituted an expense of the Commission and not of the City of Statesville. G.S. 136-18 (g). And we think this same conclusion would have been reached if Chapter 217 of the Public Laws of 1941, as amended, had not been repealed.

It is the declared policy of the State, according to the preamble of the Powell Act, "That all streets in cities and towns which are now, or hereafter may be, a part of, continuation of, or a connecting link between highways, shall be declared a part of the State Public Roads System, and shall be wholly constructed, reconstructed and maintained by the State Highway and Public Works Commission out of the State Highway Funds."

Furthermore, the fact that the City of Statesville let the contract for the curb and gutter project under consideration was merely incidental. Under the circumstances it was only authorized to act in co-operation with and for the Commission with its approval. We know of no statute which authorizes a city or town to let such a contract except for and on behalf of the Commission with its approval, unless the cost of the project is to be borne by the city or town from its own funds.

The cases of *Gunter v. Sanford*, 186 N.C. 452, 120 S.E. 41, and *Gastonia v. Cloninger*, 187 N.C. 765, 123 S.E. 76, relied upon principally by the appellant, are distinguishable and not controlling on this appeal.

The judgment of the court below will be upheld.

Affirmed.